■ SAMUEL KURSHAN, Appellant, v TOWNHOUSE MANAGEMENT CO., INC., et al., Respondents. [636 NYS2d 333] —Order, Supreme Court, New York County (Edward Lehner, J.), entered October 25, 1994, which, after a hearing, granted defendants' motion to dismiss the complaint on the ground of lack of personal jurisdiction, and order, same court and Justice,

entered on or about December 2, 1994, which, insofar as appealable, denied plaintiff's motion to renew, unanimously affirmed, without costs.

Plaintiff did not carry his burden of proving effective service by a preponderance of the evidence (*Lexington Ins. Co. v Schuyler Bumpers*, 125 AD2d 554). The process server's testimony did not establish that there had been compliance with the statutory provisions governing service upon these four defendants—two individuals (CPLR 308), a partnership (CPLR 310), and a corporation (CPLR 311). The corporation was not served at its actual place of business, and the testimony and affidavits of service did not show that the attempted service upon the other defendants, leaving one summons with all four defendants' names thereon with a woman alleged to be the "office manager" of the defendant partnership, was reasonably calculated to apprise any of them of the action (*Lawrence v Ruskin*, 186 AD2d 485). Nor did the testimony of the process server demonstrate that the alleged "office manager" was qualified to accept service (*Raschel v Rish*, 69 NY2d 694) either on behalf of the partnership or any of the defendant partners. Finally, the court's examination of the process server was proper since it was clearly undertaken to focus and clarify the testimony with respect to the manner in which service was attempted. Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Williams, JJ.