■ In the Matter of MICHELLE BOUIE, Appellant, v JUAN ARVELO-SMITH, Respondent. [792 NYS2d 341]—In a child custody proceeding pursuant to Family Court Act article 6, the mother

appeals (1) from an order of the Family Court, Kings County (Gary, J.), dated June 24, 2003, which awarded the father, in effect, temporary custody of the parties' child, (2) from an order of the same court (Grosvenor, J.), dated November 10, 2003, which, upon her failure to appear, inter alia, awarded custody of the parties' child to the father, and (3) an amended order of the same court also dated November 10, 2003, which, upon her failure to appear, among other things, awarded custody of the parties' child to the father. By decision and order of this Court dated November 29, 2004, the matter was remitted to the Family Court, Kings County, for a report stating the basis for its award of custody to the father, and the appeal was held in abeyance in the interim (see Matter of Bouie v Arvelo-Smith, 12 AD3d 668 [2004]). The Family Court, Kings County, has now issued its report.

Ordered that the appeal from the order dated June 24, 2003, is dismissed, without costs or disbursements, as no appeal lies as of right from a nonfinal order in a custody proceeding (see Family Ct Act § 1112); and it is further,

Ordered that the appeal from the order dated November 10, 2003, is dismissed, without costs or disbursements, as that order was superseded by the amended order dated November 10, 2003; and it is further,

Ordered that the appeal from the amended order is dismissed, without costs or disbursements, as no appeal lies from an order made upon the default of the appealing party (see CPLR 5511).

Upon remittitur, the Family Court, Kings County, reported, inter alia, that the amended order was entered upon the mother's default in appearing. We note that the Family Court did not indicate in its prior orders that they were entered upon the mother's default. Since the order awarding the father custody of the parties' child was made upon the mother's default, it is not appealable (see CPLR 5511). The proper procedure was to move to vacate the default and, if necessary, appeal from the denial of the motion to vacate (see Matter of Heitler v Glucksman, 309 AD2d 866 [2003]). S. Miller, J.P., Ritter, Goldstein and Mastro, JJ., concur.