■ In the Matter of MIRIAM LEYBERMAN, Appellant, v LEV LEYBERMAN, Respondent. [842 NYS2d 460]—In a support proceeding pursuant to Family Court Act article 4, the petitioner appeals from an order of the Family Court, Nassau County (Marks, J.), dated October 31, 2006, which denied her motion for leave to renew and reargue an order of the same court dated August

28, 2006, which denied her objections to an order of the same court (Kahlon, S.M.), dated April 19, 2006.

Ordered that the appeal from so much of the order as denied that branch of the petitioner's motion which was for leave to reargue is dismissed, as no appeal lies from the denial of reargument; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

A motion for leave to renew, inter alia, "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [3]). A motion for "renewal 'is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation'" (*Rubinstein v Goldman,* 225 AD2d 328, 328-329 [1996], quoting *Matter of Weinberg,* 132 AD2d 190, 210 [1987]). Here, the court providently exercised its discretion in denying that branch of the petitioner's motion which was for leave to renew since the petitioner failed to present "new facts" that were unavailable to her at the time she filed her written objections and which would change the prior determination (*see Williams v Nassau County Med. Ctr.,* 37 AD3d 594 [2007]; *Giovanni v Moran,* 34 AD3d 733, 734 [2006]). Prudenti, P.J., Mastro, Angiolillo and Dickerson, JJ., concur.