■ Margarita T. Walter, Appellant, v Jones, Sledzik, Garneau & Nardone, LLP, Also Known as Jones & Garneau, LLP, Respondent. [889 NYS2d 197]—

In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Smith, J.), dated March 19, 2008, which, among other things, granted the defendant's unopposed motion to dismiss the complaint for lack of personal jurisdiction pursuant to CPLR 3211 (a) (8), and (2) a judgment of the same court, dated June 25, 2008, which, upon the order dated March 19, 2008, and upon a subsequent order of the same court dated June 19, 2008, inter alia, denying the plaintiff's motion, in effect, to vacate her default in opposing the defendant's motion to dismiss the complaint, is in favor of the defendant and against her dismissing the complaint. Justice Balkin has been substituted for former Justice Spolzino (*see* 22 NYCRR 670.1 [c]).

Ordered that on the Court's own motion, the notice of appeal from the order dated June 19, 2008 is deemed to be a premature notice of appeal from the judgment (*see* CPLR 5520 [c]); and it is further,

Ordered that the appeal from the order dated March 19, 2008

is dismissed, as no appeal lies from an order entered on a party's default (*see* CPLR 5511; *Matter of Bouie v Arvelo-Smith,* 17 AD3d 461 [2005]); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The plaintiff did not effect proper service of process upon the defendant, since she failed to deliver the summons, or cause it to be delivered, to an individual who was authorized to accept service on behalf of the defendant (*see Hossain v Fab Cab Corp.,* 57 AD3d 484, 485 [2008]; *Kurshan v Townhouse Mgt. Co.,* 223 AD2d 402 [1996]). The defendant moved pursuant to CPLR 3211 (a) (8) to dismiss the complaint for lack of personal jurisdiction. The plaintiff failed to oppose that motion, and the Supreme Court granted it upon her default.

Thereafter, the plaintiff moved, in effect, to vacate her default. The Supreme Court properly denied her motion. A party seeking to vacate an order entered on his or her default must establish both a reasonable excuse for the default and a meritorious cause of action (*see Matter of Jones v Stewart,* 63 AD3d 836 [2009]; *Aguilera v Pistilli Constr. & Dev. Corp.,* 63 AD3d 765, 768 [2009]; *Zherka v Zherka,* 17 AD3d 668 [2005]). Contrary to the plaintiff's contention, neither the fact that she was proceeding pro se, nor her belief that the defendant's motion was frivolous and, therefore, that opposition was unnecessary, constituted a reasonable excuse for her default (*see Kanat v Ochsner,* 301 AD2d 456, 458 [2003]). " 'A litigant appearing pro se acquires no greater right than any other litigant and such appearance may not be used to deprive defendants of the same rights enjoyed by other defendants' " (*Roundtree v Singh,* 143 AD2d 995, 996 [1988], quoting *Morgan v Sylvester,* 125 F Supp 380, 388 [1954], *affd* 220 F2d 758 [1955], *cert denied* 350 US 867 [1955]). Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's motion, in effect, to vacate her default.

The plaintiff's remaining contentions are without merit. Miller, J.P., Angiolillo, Balkin and Dickerson, JJ., concur.