■ In the Matter of the Estate of HERMAN EVERT, JR., Also Known as HERMAN F. EVERT, JR., Deceased. BETTE DEE EVERT, as Successor Administrator of the Estate of HERMAN EVERT, JR., Also Known as HERMAN F. EVERT, JR., Deceased, Respondent; WILLIAM EVERT et al., Appellants. [900 NYS2d 342]—

In a proceeding to discover withheld property pursuant to SCPA 2103, William Evert and Roger Evert appeal from an order of the Surrogate's Court, Suffolk County (Czygier, S.), dated June 12, 2009, which, inter alia, in effect, denied their motion to vacate their default in failing to comply with discovery.

Ordered that the order is affirmed, with costs payable by the appellants personally.

The petitioner is the successor administrator of the estate of Herman Evert, Jr., also known as Herman F. Evert, Jr. (hereinafter the decedent), who died on December 9, 2003, survived by four sons, Herman, Clifford, and the appellants, William and Roger. In 2004 the petitioner's predecessor administrator commenced this proceeding to discover withheld property pursuant to SCPA 2103. The petition alleged, inter alia, that William Evert improperly obtained money from the decedent. The appellants defaulted in answering the petition. Thereafter they did not respond to the petitioner's discovery demands, failed to oppose the petitioner's motion to compel discovery, did not comply with a court order directing compliance with discovery, and did not oppose a subsequent motion by the petitioner, made pursuant to CPLR 3126, for an inquest based upon the failure to comply with discovery. The appellants appeared at the inquest. After the inquest the court entered an order directing the appellants to pay the sum of $88,030 to be distributed by the administrator of the estate of Herman Evert, Jr., also known as Herman F. Evert, Jr., to the estate of Herman F. Evert III, "representing the latter's intestate share of the former's estate, together with interest."

Generally, to vacate a default, the movant is required to demonstrate a reasonable excuse for the default and a meritorious defense (*see* CPLR 5015 [a] [1]; *Diamond v Vitucci*, 36 AD3d 650 [2007]). Here the appellants failed to demonstrate a valid excuse for their multiple defaults. The appellants' conduct cannot be excused merely because they chose to represent themselves. " 'A litigant appearing pro se acquires no greater right than any other litigant and such appearance may not be used to deprive [the petitioner] of the same rights enjoyed by other [petitioners]' " (*Roundtree v Singh*, 143 AD2d 995, 996 [1988], quoting *Morgan v Sylvester*, 125 F Supp 380, 388 [1954], *affd* 220 F2d 758 [1955], *cert denied* 350 US 867 [1955]; *see Walter v Jones, Sledzik, Garneau & Nardone, LLP*, 67 AD3d 671, 672 [2009], *lv denied* 14 NY3d 706 [2010]; *Kanat v Ochsner*, 301 AD2d 456, 458 [2003]). It was not reasonable for the appellants to ignore the petitioner's demands and the orders of the court because they allegedly believed that the petitioner had herself obtained the information and documents which had been demanded. Accordingly, the appellants were not entitled to vacatur of their default (*see Brightly v Florida N., Inc.*, 54 AD3d 1127 [2008]; *Marinoff v Natty Realty Corp.*, 17 AD3d 412 [2005]; *Matter of Gambardella v Ortov Light.*, 278 AD2d 494 [2000]).

The appellants' remaining contentions are without merit. Santucci, J.P., Angiolillo, Leventhal and Lott, JJ., concur.