■ JOSEPH O. YEBO, Appellant, v HELENE M. CUADRA, Respondent. [949 NYS2d 451]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ambrosio, J.), dated July 29, 2009, which denied his motion for leave to reargue and renew his opposition to the defendant's prior motion, inter alia, for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, which had been granted in an order of the same court dated February 9, 2009.

Ordered that the appeal from so much of the order dated July 29, 2009, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated July 29, 2009, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

On November 22, 2001, the plaintiff allegedly sustained personal injuries when a vehicle owned and operated by the defendant struck his vehicle. In August 2008, at a point in the litigation when the plaintiff was not represented by counsel, the defendant moved, inter alia, for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. The plaintiff opposed the motion, relying upon a brief affidavit from his treating physician, which addressed the issue of serious injury by stating only that the plaintiff had been totally and permanently disabled as a result of the November 2001 accident, and that his disability was not related to prior automobile accidents. In an order dated February 9, 2009, the Supreme Court granted that branch of the defendant's motion which was for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. Shortly after filing a notice of appeal from the order dated February 9, 2009, the plaintiff, now represented by counsel, moved for leave to reargue and renew his opposition to the defendant's prior motion. In support of the branch of his motion which sought leave to renew, the plaintiff submitted an additional affirmation from his treating physician, which described the injuries the plaintiff had allegedly sustained in the November 2001 accident, and disputed some of the findings set forth in the various physicians' reports that the defendant had offered in support of his summary judgment motion. In an order dated July 29, 2009, the Supreme Court denied the plaintiff's motion for leave to reargue and renew. The plaintiff also appealed from the order dated July 29, 2009. While the second appeal was pending, this Court dismissed the plaintiff's earlier appeal for failure to perfect in accordance with the rules of this Court (see 22 NYCRR 670.8 [h]).

Contrary to the defendant's contention, the dismissal of the earlier appeal does not preclude our review of so much of the order dated July 29, 2009, as denied that branch of the plaintiff's motion which was for leave to renew. As a general rule, we do not consider any issue raised on a subsequent appeal that was raised, or could have been raised, in an earlier appeal that was dismissed for lack of prosecution, although we have the inherent jurisdiction to do so (see Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750 [1999]; Bray v Cox, 38 NY2d 350 [1976]). Here, since the issue of whether the plaintiff should

have been granted leave to renew based upon the submission of an additional affirmation from his treating physician could not have been raised on the prior appeal, the rule articulated in *Rubeo* and *Bray* is inapplicable.

The Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to renew. A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [3]). The requirement that a motion for renewal be based on new facts is a flexible one, and the Supreme Court has the discretion to grant renewal based upon facts known to the moving party at the time of the original motion if the movant provides a reasonable excuse for the failure to present those facts on the prior motion (*see Doviak v Finkelstein & Partners, LLP*, 90 AD3d 696, 700 [2011]; *Rowe v NYCPD*, 85 AD3d 1001, 1003 [2011]; *Gonzalez v Vigo Constr. Corp.*, 69 AD3d 565, 566 [2010]). Nevertheless, a motion for leave to renew "is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (*Renna v Gullo*, 19 AD3d 472, 473 [2005] [internal quotation marks omitted]; *see Bazile v City of New York*, 94 AD3d 929 [2012]; *Andrews v New York City Hous. Auth.*, 90 AD3d 962, 963 [2011]). Here, the additional affirmation from the plaintiff's treating physician was based on facts that were known to the plaintiff and his physician at the time the original motion for summary judgment was made in August 2008, and the fact that the plaintiff was not represented by counsel at that time does not, standing alone, constitute a reasonable justification for his failure to obtain an adequate affirmation from his physician (*see Calloway v Calloway*, 17 AD3d 286 [2005]; *see generally Matter of Evert*, 72 AD3d 1081, 1082 [2010]; *Walter v Jones, Sledzik, Garneau & Nardone, LLP*, 67 AD3d 671, 672 [2009]). In any event, while the treating physician's additional affirmation was more detailed than his original affidavit, it nevertheless failed to provide a sufficient basis to change the Supreme Court's prior determination awarding summary judgment to the defendant (*see Ramirez v Khan*, 60 AD3d 748, 749 [2009]). Rivera, J.P., Eng, Lott and Cohen, JJ., concur.