EMPIRE STATE CONGLOMERATES, Respondent, v MOHAM-MAD MAHBUR et al., Appellants. [963 NYS2d 330]—

In an action to recover damages for breach of a lease, the defendants appeal from an order of the Supreme Court, Nassau County (Brandveen, J.), entered March 1, 2012, which denied their motion for leave to renew and reargue their opposition to the plaintiff's motion for summary judgment on the complaint, which had been granted in an order of the same court dated August 31, 2010, and pursuant to CPLR 5015 (a) (3) to vacate or modify the order dated August 31, 2010, and a judgment of the same court entered December 30, 2010, which, upon the order dated August 31, 2010, is in favor of the plaintiff and against them in the total sum of $23,495.31.

Ordered that the appeal by the defendant Nasrin Islam is dismissed as abandoned; and it is further,

Ordered that the appeal by the defendant Mohammad Mahbur from so much of the order entered March 1, 2012, as denied that branch of the defendants' motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument (*see Yebo v Cuadra*, 98 AD3d 504 [2012]; *Matter of Leyberman v Leyberman*, 43 AD3d 925, 926 [2007]); and it is further,

Ordered that the order entered March 1, 2012, is affirmed insofar as reviewed on the appeal by the defendant Mohammad Mahbur; and it is further,

Ordered that one bill of costs is awarded to the plaintiff, payable by the defendant Mohammad Mahbur.

Contrary to the contentions of the defendant Mohammad Mahbur (hereinafter the appellant), the Supreme Court properly denied those branches of his motion, made together with the defendant Nasrin Islam, which were for leave to renew the defendants' opposition to the plaintiff's motion for summary judgment on the complaint, and pursuant to CPLR 5015 (a) (3) to vacate or modify the order granting that motion and the judgment entered thereon.

A motion for leave to renew "shall be based on new facts not

offered on the prior motion that would change the prior determination . . . and . . . shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [2], [3]; *see Wells Fargo Bank, N.A. v Russell*, 101 AD3d 860 [2012]; *Matter of Leyberman v Leyberman*, 43 AD3d at 926). While a court has discretion to entertain renewal based on facts known to the movant at the time of the original motion, the movant must set forth a reasonable justification for the failure to submit the information in the first instance (*see Deutsche Bank Trust Co. v Ghaness*, 100 AD3d 585, 585-586 [2012]; *Yebo v Cuadra*, 98 AD3d at 506), since " '[a] motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation' " (*Matter of Catherine V.D. [Rachel G.]*, 100 AD3d 992, 993 [2012], quoting *Worrell v Parkway Estates, LLC*, 43 AD3d 436, 437 [2007]). Inasmuch as the appellant provided no reasonable justification for his failure to submit the proffered information in connection with the original motion, the denial of that branch of the defendants' motion which was for leave to renew was appropriate (*see Forssell v Lerner*, 101 AD3d 807 [2012]; *Matter of Catherine V.D. [Rachel G.]*, 100 AD3d at 993; *Yebo v Cuadra*, 98 AD3d at 506; *Greene v New York City Hous. Auth.*, 283 AD2d 458, 459 [2001]).

CPLR 5015 (a) (3) permits a court to relieve a party from an order or judgment on the ground of "fraud, misrepresentation, or other misconduct of an adverse party." While there is no specific time limit within which to move under this provision, the motion must be made within a reasonable time (*see Bank of N.Y. v Stradford*, 55 AD3d 765 [2008]; *Aames Capital Corp. v Davidsohn*, 24 AD3d 474, 475 [2005]). Under the circumstances of this case, the appellant unreasonably delayed in seeking relief under CPLR 5015 (a) (3). In any event, his allegations failed to demonstrate that the plaintiff's conduct in securing either the order awarding it summary judgment on the complaint or the judgment entered thereon rose to the level of fraud, misrepresentation, or other misconduct (*see Bank of N.Y. v Stradford*, 55 AD3d at 765-766; *Aames Capital Corp. v Davidsohn*, 24 AD3d at 475). Accordingly, the Supreme Court correctly denied that branch of the defendants' motion which sought vacatur of the order awarding the plaintiff summary judgment on the complaint and the judgment entered thereon. Mastro, J.P., Austin, Cohen and Miller, JJ., concur.