■ AHA SALES, INC., Respondent, v CREATIVE BATH PRODUCTS, INC., Appellant, et al., Defendant. [973 NYS2d 791]—

In an action, inter alia, to recover damages in quantum meruit for services rendered and for unjust enrichment, the defendant Creative Bath Products, Inc., appeals, as limited by its brief, from so much an order of the Supreme Court, Suffolk County (Spinner, J.), dated December 7, 2012, as denied that branch of its motion which was to renew its opposition to the plaintiff's prior motion to preclude it from, inter alia, presenting certain evidence at trial, which had been granted in an order of the same court dated November 29, 2011.

Ordered that the order dated December 7, 2012, is affirmed insofar as appealed from, with costs.

A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination . . . and . . . shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [2], [3]; *see Empire State Conglomerates v Mahbur*, 105 AD3d 898, 899 [2013]; *Wells Fargo Bank, N.A. v Russell*, 101 AD3d 860 [2012]). While a court has discretion to entertain renewal based on facts known to the movant at the time of the original motion, the movant must set forth a reasonable justification for the failure to submit the information in the first instance (*see Deutsche Bank Trust Co. v Ghaness*, 100 AD3d 585, 585-586 [2012]). Here, the defendant Creative Bath Products, Inc. (hereinafter the appellant), offered new facts not offered on the prior motion, but failed to set forth a reasonable justification for its failure to submit the new facts on the prior motion. Accordingly, the Supreme Court properly denied that branch of the appellant's motion which was for leave to renew (*see Empire State Conglomerates v Mahbur*, 105 AD3d at 899; *Matter of Catherine V.D. [Rachel G.]*, 100 AD3d 992, 993 [2012]). Mastro, J.P., Angiolillo, Leventhal and Chambers, JJ., concur.