<partyblock>

Brand Medical Supply, Inc., as Assignee of Jeffrey Ferguson, Appellant,  

against

ELRAC, Inc., Doing Business as Enterprise Rent-A-Car, Respondent.

Gary Tsirelman, P.C. (Irena Golodkeyer, Esq.), for appellant.

Brand, Glick & Brand, P.C. (Jason P. Bertuna, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Robin Kelly Sheares, J.), entered August 14, 2014. The order denied plaintiff's motion for leave to renew its opposition to defendant's motion for summary judgment dismissing the complaint, which had been granted in a prior order of the same court (Genine D. Edwards, J.) entered July 20, 2012.

ORDERED that the order entered August 14, 2014 is affirmed, with $25 costs.

In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint on the ground that plaintiff's assignor had failed to appear for duly scheduled independent medical examinations (IMEs). By order entered July 20, 2012, the Civil Court granted defendant's motion. Plaintiff subsequently moved for leave to renew its opposition to defendant's motion, based upon a trial transcript from an unrelated case, which transcript set forth that the name that defendant's IME scheduling letters said to contact to reschedule the IMEs, Lynn Carter, was a pseudonym
and that this was a fact which, plaintiff asserted, would change the prior determination since, in the instant case, plaintiff's assignor was also instructed to contact Lynn [*2]Carter if plaintiff's assignor needed to reschedule the IMEs. By order entered August 14, 2014, the Civil Court denied plaintiff's motion.

A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination . . . and . . . shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [2], [3]; see Empire State Conglomerates v Mahbur, 105 AD3d 898, 899 [2013]). As noted by the Civil Court, since there was no evidence proffered that plaintiff's assignor ever even attempted to reschedule the IMEs, plaintiff failed to demonstrate that defendant's use of a pseudonym, the propriety of which we do not pass upon, would change the prior determination.

Accordingly, the order entered August 14, 2014 is affirmed.

PESCE, P.J., ALIOTTA and SOLOMON, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: December 08, 2017

<form method="LINK" action="../../slipidx/at_2_idxtable.shtml">

<input type="submit" value="Return to Decision List">

</form>

</partyblock>