Matter of Kirsch v State of New York (2018 NY Slip Op 05470)





Matter of Kirsch v State of New York


2018 NY Slip Op 05470


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


[*1]In the Matter of Sarah Kirsch, appellant-respondent,
v
State of New York, etc., et al., respondents-appellants. (Proceeding No. 1)
In the Matter of Sarah Kirsch, appellant,State of New York, etc., et al., respondents. (Proceeding No. 2)


Glynn Mercep & Purcell, LLP, Stony Brook, NY (Timothy B. Glynn of counsel), for appellant-respondent in Proceeding No. 1, and appellant in Proceeding No. 2.
Barbara D. Underwood, Attorney General, New York, NY (Anisha S. Dasgupta and Philip V. Tisne of counsel), for respondents-appellants in Proceeding No. 1, and respondents in Proceeding No. 2.



DECISION & ORDER
In two related proceedings pursuant to CPLR article 78, inter alia, to review determinations of the respondents Stony Brook University School of Medicine and State University of New York at Stony Brook expelling the petitioner from Stony Brook University School of Medicine and the State University of New York at Stony Brook, the petitioner appeals, by permission, from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated October 16, 2015, and an amended order of the same court dated November 5, 2015, and the respondents in Proceeding No. 1 cross-appeal, by permission, from the amended order dated November 5, 2015. The order dated October 16, 2015, held in abeyance a renewed petition in Proceeding No. 2. The amended order dated November 5, 2015, insofar as appealed from, denied that branch of the petitioner's cross motion which was to consolidate Proceeding Nos. 1 and 2. The amended order dated November 5, 2015, insofar as cross-appealed from, denied the motion of the respondents in Proceeding No. 1 for leave to renew their opposition to the petition in that proceeding.
ORDERED that the order dated October 16, 2015, is affirmed, without costs or disbursements; and it is further,
ORDERED that the amended order dated November 5, 2015, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The petitioner, a second-year student at Stony Brook University School of Medicine [*2](hereinafter the medical school), was expelled from the medical school and from the State University of New York at Stony Brook (hereinafter the university) following what she admitted was "aberrant behavior" consisting of, among other things, making misrepresentations about her health. The petitioner commenced these two proceedings pursuant to CPLR article 78, inter alia, to review the determinations of the medical school and the university, made after a hearing, to expel her.
The first proceeding (Index No. 31630/13) was commenced against the State of New York, the university, the medical school, and Kenneth Kaushansky, in his official capacity as dean of the medical school (hereinafter collectively the medical school respondents). By order dated October 17, 2014, the Supreme Court granted the petition, annulled the medical school's determination expelling the petitioner from the medical school on the ground that she was not afforded the opportunity to be represented by counsel, and remitted the matter to the medical school's committee on academic standing for a new hearing. The medical school respondents did not appeal from that order.
The second proceeding (Index No. 4115/14) was commenced against the State of New York, the university, and Matilde Punnett, in her official capacity as director of the office of community standards (hereinafter collectively the university respondents). By order dated October 17, 2014, the Supreme Court granted the university respondents' motion to dismiss the proceeding on the ground that the petitioner did not exhaust her administrative remedies, since her internal appeal from the university's determination expelling her from the university had not yet been decided, with leave to renew after the administrative remedies were exhausted. The university respondents did not appeal from that order and the petitioner subsequently filed a renewed CPLR article 78 petition when her administrative appeal was denied.
In an amended order dated November 5, 2015, the Supreme Court denied the medical school respondents' motion for leave to renew their opposition to the petition in the first proceeding and denied that branch of the petitioner's cross motion which was to consolidate the proceedings. The petitioner appeals, and the medical school respondents cross-appeal from that order. Contrary to the medical school respondents' contention, the new fact submitted in support of renewal, namely, the denial of the petitioner's internal appeal from the university's determination expelling her, did not provide a sufficient basis to change the court's determination in the order dated October 17, 2014, granting the petition in the first proceeding (see CPLR 2221; Yebo v Cuadra, 98 AD3d 504).
We agree with the Supreme Court's determination in the order dated October 16, 2015, holding the second proceeding in abeyance pending the new hearing to be conducted by the medical school's committee on academic standing. We express no opinion as to the merits of the second proceeding.
The petitioner's remaining contentions are either without merit or not properly before this Court.
CHAMBERS, J.P., AUSTIN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court