Deutsche Bank Natl. Trust Co. v Gatti (2020 NY Slip Op 03097)





Deutsche Bank Natl. Trust Co. v Gatti


2020 NY Slip Op 03097


Decided on June 3, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 3, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SYLVIA O. HINDS-RADIX
BETSY BARROS
PAUL WOOTEN, JJ.


2018-09287
 (Index No. 18764/12)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Gary Gatti, etc., appellant, et al., defendants.


Scott Lockwood, Deer Park, NY, for appellant.
McGlinchey Stafford, New York, NY (Kristen D. Romano and Brian S. McGrath of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Gary Gatti appeals from an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated July 25, 2018. The order denied that defendant's motion pursuant to CPLR 5015(a)(3) to vacate so much of a prior order of the same court dated March 9, 2017, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Gary Gatti, to strike that defendant's answer, and for an order of reference, and denied that branch of that defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against him for lack of standing.
ORDERED that the order dated July 25, 2018, is affirmed, with costs.
Contrary to the determination of the Supreme Court, the defendant Gary Gatti (hereinafter the defendant) did not unreasonably delay in moving pursuant to CPLR 5015(a)(3) to vacate the prior order dated March 9, 2017, which, inter alia, granted the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendant in this mortgage foreclosure action (cf. Empire State Conglomerates v Mahbur, 105 AD3d 898, 899). However, we also conclude that the defendant failed to demonstrate, by clear and convincing evidence, that the signature on the endorsement of the note was a forgery. The differences between the signature on the endorsement and the signatures on the exemplars submitted by the defendant are insufficient, standing alone, to demonstrate that the signature at issue is not authentic (see generally Banco Popular N. Am. v Victory Taxi Mgt., 1 NY3d 381, 384). Thus, the defendant failed to establish that the prior order was procured by fraud, misrepresentation, or other misconduct (see Kondaur Capital Corp. v Stewart, 166 AD3d 748, 750; HSBC Bank USA, N.A. v Miller, 121 AD3d 1044, 1046).
Accordingly, we affirm the Supreme Court's order denying the defendant's motion pursuant to CPLR 5015(a)(3) to vacate so much of the prior order.
SCHEINKMAN, P.J., HINDS-RADIX, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court