2005-2011 Realty, LLC v Brailovskiy (2020 NY Slip Op 04722)





2005-2011 Realty, LLC v Brailovskiy


2020 NY Slip Op 04722


Decided on August 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2019-00946
 (Index No. 502216/16)

[*1]2005-2011 Realty, LLC, plaintiff,
v
Aleksandr Brailovskiy, et al., defendants third-party plaintiffs-respondents; Boris Kurbatsky, et al., third-party defendants-appellants.


Elliott S. Martin, Brooklyn, NY (Goldberg & Cohn [Steven Cohn], of counsel), for third-party defendants-appellants.
Blank & Star, PLLC (Pollack, Pollack, Isaac & DeCicco, New York, NY [Brian J. Isaac and Helen E. Blank], of counsel), for defendants third-party plaintiffs-respondents.
In an action to recover damages for breach of contract, the third-party defendants appeal from an order of the Supreme Court, Kings County (Paul Wooten, J.), dated November 26, 2018. The order, insofar as appealed from, (1), in effect, upon reargument, adhered to its original determination in an order of the same court dated November 15, 2017, denying the motion of the third-party defendants to vacate a prior order of the same court entered upon their default, and (2) denied that branch of the motion of the third-party defendants which was for leave to renew their motion to vacate the prior order entered upon their default.



DECISION & ORDER
Motion by the defendants third-party plaintiffs, inter alia, to dismiss the appeal on the ground that dismissal of a prior appeal from the order dated November 15, 2017, for failure to perfect precludes consideration of the issues raised on this appeal pursuant to Bray v Cox (38 NY2d 350). By decision and order on motion of this Court dated July 22, 2019, that branch of the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the branch of the motion of the defendants third-party plaintiffs which is to dismiss the appeal from so much of the order dated November 26, 2018, as denied that branch of the motion of the third-party defendants which was for leave to renew is denied; and it is further,
ORDERED that the branch of the motion of the defendants third-party plaintiffs which is to dismiss the appeal from so much of the order dated November 26, 2018, as, in effect, upon reargument, adhered to the original determination in the order dated November 15, 2017, is [*2]granted; and it is further,
ORDERED that the appeal from so much of the order dated November 26, 2018, as, in effect, upon reargument, adhered to the original determination in the order dated November 15, 2017, is dismissed; and it is further,
ORDERED that the order dated November 26, 2018, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendants third-party plaintiffs payable by the third-party defendants.
In an order dated November 15, 2017, the Supreme Court denied the motion of the third-party defendants to vacate a prior order that had been entered on their default. The third-party defendants subsequently moved for leave to reargue and renew their prior motion. In an order dated November 26, 2018, the court, in effect, granted reargument, but, upon reargument, adhered to the original determination. The court also denied that branch of the motion which was for leave to renew.
We dismiss the appeal from so much of the order dated November 26, 2018, as, in effect, upon reargument, adhered to the original determination in the order dated November 15, 2017. As a general rule, we do not consider an issue raised on a subsequent appeal that was raised, or could have been raised, in an earlier appeal which was dismissed for lack of prosecution, although we have inherent jurisdiction to do so (see Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750; Bray v Cox, 38 NY2d 350). Here, the third-party defendants previously appealed from the order dated November 15, 2017, which appeal was dismissed for failure to perfect (see 22 NYCRR 1250.10[a]). The issues raised on the appeal from so much of the order dated November 26, 2018, as, in effect, upon reargument, adhered to the original determination, could have been raised on the prior appeal that was dismissed for failure to perfect (see M.H. v Tucci, 166 AD3d 750, 751; Berezyuk v City of New York, 102 AD3d 901, 902).
Because the issues raised on the appeal from so much of the order dated November 26, 2018, as denied that branch of the motion of the third-party defendants which was for leave to renew could not have been raised on the prior appeal, we do not dismiss the appeal from that portion of the order (see Yebo v Cuadra, 98 AD3d 504, 505-506; Reshevsky v United Water N.Y., Inc., 46 AD3d 532, 533). However, we affirm that portion of the order, as the third-party defendants failed to present a reasonable justification for their failure to present the new evidence upon which the renewal motion was based at the time of their prior motion, and, moreover, the new evidence would not have changed the prior determination (see CPLR 2221[e][2],[3]).
DILLON, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court