Wells Fargo Bank, N.A. v Pickett (2020 NY Slip Op 05795)





Wells Fargo Bank, N.A. v Pickett


2020 NY Slip Op 05795


Decided on October 14, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 14, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2018-02413
 (Index No. 12401/13)

[*1]Wells Fargo Bank, N.A., etc., plaintiff, 
v
Lauren L. Pickett, appellant, 39 Pierrepont Condominium, defendant-respondent, et al., defendants; David H. Perlman, nonparty-respondent.


Hanna & Vlahakis, Brooklyn, NY (Mark Hanna of counsel), for appellant.
Tane Waterman & Wurtzel, P.C., New York, NY (Stewart E. Wurtzel of counsel), for defendant-respondent.
Alan J. Firestone, Brooklyn, NY, for nonparty-respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Lauren L. Pickett appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated February 13, 2018. The order denied those branches of that defendant's motion which were to vacate the foreclosure sale of the subject premises and to impose sanctions against nonparty David H. Perlman.
ORDERED that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof denying that branch of the motion of the defendant Lauren L. Pickett which was to vacate the foreclosure sale of the subject premises, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
The defendant Lauren L. Pickett (hereinafter the defendant) was the owner of a condominium unit located in Brooklyn. In July 2013, the plaintiff commenced this action against, among others, the defendant and 39 Pierrepont Condominium (hereinafter the Condominium) to foreclose a mortgage given by the defendant encumbering the subject premises. The Condominium cross-claimed against the defendant to foreclose a lien it held for nonpayment of common charges. The defendant retained nonparty David H. Perlman to represent her in the foreclosure action. On September 19, 2016, a judgment of foreclosure and sale was entered in favor of the Condominium, directing that the premises be sold at a public auction. Perlman subsequently filed a bankruptcy petition on behalf of the defendant; however, the petition was dismissed due to the failure to file the required schedules.
On December 7, 2017, the same date that the auction sale was noticed to be held, the Supreme Court declined to sign an order to show cause filed by Perlman on behalf of the defendant seeking to stay the foreclosure sale. A referee conducted a foreclosure sale on that date. The highest bidder at the auction bid $2 million, but that bid was rejected since the bidder did not intend to reside at the premises, as required under the terms of sale. The second highest bidder at the auction was [*2]Perlman, with a bid of $1.97 million. However, he declined to proceed with the purchase of the premises. The referee reopened the auction for bidding, and Perlman was the successful bidder with a bid of $1.6 million. Thereafter, the defendant moved, inter alia, to vacate the foreclosure sale and to impose sanctions against Perlman. In an order dated February 13, 2018, the court denied those branches of the defendant's motion. The defendant appeals.
A court may, in the exercise of its equitable powers, set aside a foreclosure sale where there is evidence of fraud, collusion, mistake, or misconduct (see T11 Funding v Traynelis, 166 AD3d 927, 928; Northern Blvd Corona, LLC v Northern Blvd Prop., LLC, 157 AD3d 895, 896). In order to provide a basis for setting aside a sale, the evidence of fraud, collusion, mistake, or misconduct must cast suspicion on the fairness of the sale (see Emigrant Mtge. Co., Inc. v Hartman, 173 AD3d 975, 976; Chase Manhattan Bank v Nath, 162 AD3d 978, 979).
Here, the Supreme Court improvidently exercised its discretion in denying that branch of the defendant's motion which was to vacate the foreclosure sale of the subject premises. In reaching its determination, the court noted that under the terms of sale, Perlman was not obligated, as the second highest bidder, to purchase the subject premises after the highest bid was rejected. Nevertheless, the undisputed facts establish that, at the time of the foreclosure sale, Perlman was representing the defendant in the foreclosure action, that the highest bid at the sale was $2 million, that Perlman declined to purchase the premises as the next highest bidder with a bid of $1.97 million, and that Perlman was the successful bidder after the auction was reopened with a bid that was $370,000 less than his previous bid. Under these circumstances, there was sufficient evidence of misconduct to cast suspicion on the fairness of the sale, providing a basis to set it aside (cf. NYCTL 1998-1 Trust v Rodriguez, 154 AD3d 865, 867; U.S. Bank N.A. v Testa, 140 AD3d 855, 856-857; see generally Astoria Fed. Sav. & Loan Assoc. v Hartridge, 58 AD3d 584, 585).
Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was to vacate the foreclosure sale of the subject premises.
Contrary to the defendant's contention, however, the Supreme Court providently exercised its discretion in denying that branch of her motion which was to impose sanctions against Perlman. Although Perlman's conduct may give rise to a cause of action to recover damages for legal malpractice, it was not frivolous within the meaning of 22 NYCRR 130.1-1 (see 22 NYCRR 130-1.1[c]; see generally Youcheng Wu v Jian Xu, 137 AD3d 1016, 1016).
DILLON, J.P., CHAMBERS, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court