Wells Fargo Bank, N.A. v Geremia (2022 NY Slip Op 03141)





Wells Fargo Bank, N.A. v Geremia


2022 NY Slip Op 03141


Decided on May 11, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.


2019-02247
 (Index No. 63043/14)

[*1]Wells Fargo Bank, National Association, respondent,
v
Rosemary Geremia, etc., appellant, et al., defendants.


Christopher Thompson, West Islip, NY, for appellant.
Greenberg Traurig, LLP, New York, NY (Ryan Sirianni and Patrick G. Broderick of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Rosemary Geremia, also known as Rosemary Maiello, appeals from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated December 6, 2018. The order, insofar as appealed from, denied that branch of that defendant's motion which was for leave to renew (1) her prior motion, in effect, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her or, in the alternative, to vacate her default in answering the complaint and for leave to serve a late answer, which had been denied in an order of the same court dated April 5, 2018, and (2), in effect, her opposition to the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, which had been granted in the order dated April 5, 2018.
ORDERED that the order dated December 6, 2018, is affirmed insofar as appealed from, with costs.
In 2014, the plaintiff commenced this action to foreclose a mortgage on real property owned by the defendant Vincent Maiello. The defendant Rosemary Geremia, also known as Rosemary Maiello (hereinafter the defendant), initially was personally served with the summons and complaint at the property as "John Doe #1," and she was later served by substituted service pursuant to CPLR 308(2) by delivery of the supplemental summons and amended complaint to a person of suitable age and discretion at the property. By order dated December 9, 2016, the plaintiff's unopposed motion for leave to enter a default judgment against the nonanswering defendants and for an order of reference was granted.
In January 2018, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendant appeared by counsel and moved, in effect, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her or, in the alternative, to vacate her default in answering the complaint and for leave to serve a late answer. In an order dated April 5, 2018, the Supreme Court granted the plaintiff's motion and denied the defendant's motion. The court issued a judgment of foreclosure and sale dated April 6, 2018. On June 18, 2018, the defendant filed a notice of appeal from the April 5, 2018 order and the judgment of foreclosure and sale. Also on June 18, 2018, the defendant moved, inter alia, for leave to renew her prior motion and, in effect, her opposition to the plaintiff's motion, among other things, for a judgment of [*2]foreclosure and sale. The appeals from the April 5, 2018 order and the judgment of foreclosure and sale were deemed dismissed for failure to perfect. In an order dated December 6, 2018, the court denied the defendant's motion for leave to renew.
Contrary to the plaintiff's contention, the dismissal of the earlier appeals does not preclude our review of so much of the December 6, 2018 order as denied that branch of the defendant's motion which was for leave to renew. As a general rule, we do not consider any issue raised on a subsequent appeal that was raised, or could have been raised, in an earlier appeal that was dismissed for lack of prosecution, although we have the inherent jurisdiction to do so (see Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750; Bray v Cox, 38 NY2d 350). Since the issue of whether the defendant should have been granted leave to renew was based upon an additional affidavit from the defendant and a purported change in law that would change the Supreme Court's prior determination, it could not have been raised on the prior appeals, and thus, the rule articulated in Rubeo and Bray is inapplicable here (see 2005-2011 Realty, LLC v Brailovskiy, 186 AD3d 788, 790; Yebo v Cuadra, 98 AD3d 504, 505-506).
The Supreme Court properly denied that branch of the defendant's motion which was for leave to renew, as that branch of the motion was not based upon either new facts not offered in opposition to the plaintiff's prior motion that would change the prior determination, or a change in the law that would change the prior determination (see CPLR 2221[e]; Matter of JP Morgan Chase Bank, N.A. [Kyle], 158 AD3d 686, 687).
CONNOLLY, J.P., ROMAN, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court