Trustco Bank v Preserve Dev. Group Co., LLC (2023 NY Slip Op 00020)

Trustco Bank v Preserve Dev. Group Co., LLC

2023 NY Slip Op 00020

Decided on January 5, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 5, 2023

534793
[*1]Trustco Bank, Appellant,
v
The Preserve Development Group Co., LLC, Also Known as The Preserve Development Co., LLC, et al., Respondents.

Calendar Date:November 17, 2022

Before:Garry, P.J., Lynch, Reynolds Fitzgerald, Ceresia and McShan, JJ. 

Dorf & Nelson LLP, Rye (Jonathan B. Nelson of counsel), for appellant.
Nolan Heller Kauffman LLP, Albany (Brian D. Deinhart of counsel), for respondents.

Ceresia, J.
Appeal from an order of the Supreme Court (Martin D. Auffredou, J.), entered December 29, 2021 in Warren County, which denied plaintiff's motion to, among other things, renew.
This case — the facts of which are more fully set forth in a previous decision (190 AD3d 1176 [3d Dept 2021], lv denied 37 NY3d 909 [2021]) (hereinafter Trustco I) — concerns plaintiff's ongoing attempts to obtain a deficiency judgment against defendants. Briefly, after defendants defaulted on a loan secured by a mortgage on certain real property, plaintiff obtained a judgment of foreclosure and sale and was the successful bidder at the ensuing public auction. Plaintiff thereafter moved for a deficiency judgment (hereinafter the first motion). Supreme Court denied the first motion, without prejudice, on the ground that plaintiff had failed to submit sufficient information to determine the fair market value of the premises. Plaintiff filed a notice of appeal from the denial of the first motion but failed to perfect the appeal, which was eventually deemed dismissed pursuant to 22 NYCRR 1250.10 (a). Plaintiff also filed a motion for leave to renew or reargue the first motion, which was denied.
Subsequently, plaintiff filed a second motion for a deficiency judgment (hereinafter the second motion). Defendants opposed the second motion on the ground that it was untimely pursuant to RPAPL 1371 (2). Supreme Court ruled that the second motion was timely, but found that plaintiff had again failed to submit sufficient evidence with respect to fair market value. Accordingly, the court stayed the motion for 30 days to allow plaintiff to submit additional proof as to value. Defendants then appealed the court's ruling insofar as it pertained to the issue of timeliness. During the pendency of that appeal, Supreme Court held an evidentiary hearing in connection with the second motion and ultimatly granted plaintiff a deficiency judgment. Thereafter, this Court found in Trustco I that the second motion was in fact time-barred and, as a result, reversed Supreme Court's order and dismissed the second motion (190 AD3d at 1179).
Following our decision in Trustco I, plaintiff moved in Supreme Court for an order granting leave to renew the first motion — arguing that our decision in Trustco I constituted a change in the law of the case — and, upon renewal, for permission to supplement the first motion. The court denied the motion to renew, and plaintiff appeals.
Preliminarily, the fact that plaintiff previously filed a notice of appeal from the denial of the first motion, but then failed to perfect that appeal, does not bar plaintiff from raising the issues herein. "As a general rule, we do not consider an issue raised on a subsequent appeal that was raised, or could have been raised, in an earlier appeal which was dismissed for lack of prosecution, although we have inherent jurisdiction to do so" (2005-2011 Realty, LLC v Brailovskiy, 186 AD3d 788, 789 [2d Dept 2020] [citations omitted]; [*2]see Yebo v Cuadra, 98 AD3d 504, 505-506 [2d Dept 2012], lv dismissed 20 NY3d 905 [2012]). Here, however, the issue of whether plaintiff should have been granted leave to renew could not have been raised on the prior appeal (see 2005-2011 Realty, LLC v Brailovskiy, 186 AD3d at 790; Yebo v Cuadra, 98 AD3d at 505-506).
Turning to the merits, "a motion for leave to renew 'shall be based upon new facts not offered on the prior motion that would change the prior determination or[, as relevant here,] shall demonstrate that there has been a change in the law that would change the prior determination'" (Owner Operator Ind. Drivers Assn., Inc. v Karas, 188 AD3d 1313, 1316 [3d Dept 2020], quoting CPLR 2221 [e] [2]). "A motion to renew is not a second chance to remedy inadequacies that occurred in failing to exercise due diligence in the first instance, and the denial of a motion to renew will be disturbed only where it constituted an abuse of the trial court's discretion" (Walden v Varricchio, 195 AD3d 1111, 1114 [3d Dept 2021] [internal quotation marks and citations omitted]).
The sole basis upon which plaintiff claims that it is entitled to renewal is that there has been a change in the law, given our decision in Trustco I, which would change the prior determination (see CPLR 2221 [e] [2]). More specifically, plaintiff appears to be arguing that our pronouncement that the second motion was untimely represents a change in the law of the case. Assuming, without deciding, that the decision in Trustco I can be considered to be such a change, it would not result in a different determination regarding the first motion. That is, our ruling in Trustco I that the second motion was untimely has no bearing upon, and thus would not alter, Supreme Court's finding that the first motion lacked the requisite proof of fair market value. Therefore, the court properly denied the motion for renewal. Plaintiff's remaining contentions have either been rendered academic by our holding herein or have been examined and found to be lacking in merit.
Garry, P.J., Lynch, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the order is affirmed, with costs.