U.S. Bank N.A. v Singh (2025 NY Slip Op 01664)

U.S. Bank N.A. v Singh

2025 NY Slip Op 01664

Decided on March 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
HELEN VOUTSINAS, JJ.

2021-08367
 (Index No. 706202/21)

[*1]U.S. Bank National Association, etc., respondent,
v
Jarnail Singh, appellant, et al., defendants.

Abrams Fensterman, LLP, White Plains, NY (Robert A. Spolzino, Lisa Colosi Florio, and Aaron Zucker of counsel), for appellant.
Gross Polowy, LLC (Reed Smith LLP, New York, NY [David G. Murphy and Andrew B. Messite], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Jarnail Singh appeals from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered September 27, 2021. The order denied that defendant's motion to restore the action to the calendar pursuant to RPAPL 1302-a on the ground that the plaintiff lacked standing to commence the action, to set aside a referee's deed dated August 15, 2017, for failure to comply with RPAPL 1355, and pursuant to CPLR 1001 to add certain entities as necessary parties to the action.
ORDERED that the order is affirmed, with costs.
On August 29, 2005, the defendant Jarnail Singh (hereinafter the defendant) executed a note in the sum of $456,800 in favor of Credit Suisse First Boston Financial Corporation. The note was secured by a mortgage on certain property located in Richmond Hill. The mortgage was then allegedly assigned to the plaintiff.
On February 28, 2014, the plaintiff commenced this action against the defendant, among others, to foreclose the mortgage. The defendant failed to appear or answer the complaint. In an order dated February 20, 2015, the Supreme Court granted the plaintiff's motion, inter alia, for leave to enter a default judgment against the defendant and for an order of reference, and referred the matter to a referee to compute the amount due to the plaintiff. Thereafter, the court issued an order and judgment of foreclosure and sale dated December 3, 2015.
On September 23, 2016, a foreclosure sale was held, and the property was sold to Robert Ainehsazan, the highest bidder at auction. In November 2016, the defendant moved pursuant to CPLR 5015(a) to vacate the order dated February 20, 2015, and the order and judgment of foreclosure and sale, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, in the alternative, for leave to serve a late answer, and pursuant to CPLR 1001 to add Ainehsazan as a necessary party to the action. In an order dated March 29, 2017, the Supreme Court denied the motion. The defendant appealed from the order but later withdrew the appeal.
Thereafter, Ainehsazan assigned his bid to AMG Atlantic Realty II, LLC (hereinafter AMG), and in a referee's deed dated August 15, 2017, the referee conveyed the property to AMG. AMG subsequently executed a mortgage on the property in favor of People's United Bank, National Association (hereinafter People's United).
In March 2021, the defendant moved to restore the action to the calendar pursuant to RPAPL 1302-a on the ground that the plaintiff lacked standing to commence the action, to set aside the referee's deed for failure to comply with RPAPL 1355, and pursuant to CPLR 1001 to add AMG and People's United as necessary parties to the action. In an order entered September 27, 2021, the Supreme Court denied the motion. The defendant appeals.
Initially, contrary to the plaintiff's contention, the appeal is not subject to dismissal pursuant to Bray v Cox (38 NY2d 350). As a general rule, this Court does not consider any issue raised on a subsequent appeal that was raised, or could have been raised, in an earlier appeal that was dismissed for lack of prosecution, although this Court has the inherent jurisdiction to do so (see Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750; Bray v Cox, 38 NY2d 350; Wells Fargo Bank, N.A. v Geremia, 205 AD3d 841, 842). Here, the defendant's prior appeal from the order dated March 29, 2017, was withdrawn pursuant to a stipulation of the parties and was not dismissed for failure to prosecute. Moreover, none of the issues raised on this appeal were or could have been raised on the prior appeal (see Wells Fargo Bank, N.A. v Geremia, 205 AD3d at 842; Prisco v Prisco, 131 AD3d 524, 525; Yebo v Cuadra, 98 AD3d 504, 505-506).
RPAPL 1302-a provides that, notwithstanding the provisions of CPLR 3211(e), "any objection or defense based on the plaintiff's lack of standing in a foreclosure proceeding related to a home loan, as defined in [RPAPL 1304(6)(a)], shall not be waived if a defendant fails to raise the objection or defense in a responsive pleading or pre-answer motion to dismiss. A defendant may not raise an objection or defense of lack of standing following a foreclosure sale, however, unless the judgment of foreclosure and sale was issued upon defendant's default." "'[T]he general rule holds that an appellate court must apply the law as it exists at the time of its decision'" (GMAC Mtge., LLC v Coombs, 191 AD3d 37, 49, quoting Matter of Gardiner v Lo Grande, 83 AD2d 614, 615; see Deutsche Bank Natl. Trust Co. v Groder, 218 AD3d 542, 544). Thus, contrary to the plaintiff's contention, RPAPL 1302-a, which became effective on December 23, 2019 (see L 2019, ch 739, § 1), may be considered in connection with this appeal (see Deutsche Bank Natl. Trust Co. v Groder, 218 AD3d at 544; GMAC Mtge., LLC v Coombs, 191 AD3d at 49).
However, contrary to the defendant's contention, he was not entitled to raise the defense of lack of standing pursuant to RPAPL 1302-a, despite his default in answering the complaint. Although RPAPL 1302-a provides that a defendant may raise the defense of lack of standing at any time, even after a foreclosure sale if the judgment of foreclosure and sale was issued upon the defendant's default, the statute does not apply to a defaulting defendant who has not vacated his or her default (see U.S. Bank N.A. v Ashon, 226 AD3d 941, 943; Citibank, N.A. v Boyce, 226 AD3d 867; U.S. Bank N.A. v Goldberger, 211 AD3d 1077, 1078). In any event, the defendant failed to provide any reasonable excuse for his default (see U.S. Bank N.A. v Goldberger, 211 AD3d at 1078; Ditech Fin., LLC v Howell, 201 AD3d 786, 788). We decline the defendant's invitation to overrule our prior case law holding that "'a party's lack of standing does not constitute a jurisdictional defect'" (GMAC Mtge., LLC v Coombs, 191 AD3d at 47, quoting U.S. Bank, N.A. v Emmanuel, 83 AD3d 1047, 1048-1049) and to hold that a defendant need not demonstrate a reasonable excuse for his or her default in order to assert a lack of standing defense pursuant to RPAPL 1302-a. Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was to restore the action to the calendar pursuant to RPAPL 1302-a on the ground that the plaintiff lacked standing to commence the action.
The Supreme Court also properly denied that branch of the defendant's motion which was to set aside the referee's deed for failure to comply with RPAPL 1355. RPAPL 1355(1) provides that a report of sale must be filed within 30 days "after completing [a foreclosure] sale and executing the proper conveyance to the purchaser," unless the court grants an extension of time to [*2]do so. Pursuant to RPAPL 1355(2), a motion to confirm a report of sale must be made no later than four months after the filing of the report, "except that if there be no surplus moneys arising from the sale of the mortgaged premises . . . , an application for confirmation of the report of sale may be made at any time after the report shall have been filed eight days." "Mere irregularities by a referee may be disregarded if they do not affect a substantial right of a party" (Emigrant Mtge. Co., Inc. v Hartman, 173 AD3d 975, 977; see Bank of Smithtown v Pine Tree Devs., LLC, 105 AD3d 983, 984; Citibank v Schimkus, 231 AD2d 486, 487).
Here, the referee's report of sale, dated August 15, 2017, was not timely filed, and it is undisputed that the plaintiff never moved to confirm the report. However, the defendant failed to demonstrate that he was prejudiced by the late filing of the report.
A court may exercise its inherent equitable power to ensure that a foreclosure sale conducted pursuant to a judgment of foreclosure and sale "is not made the instrument of injustice" (Guardian Loan Co. v Early, 47 NY2d 515, 520; see PII Sam, LLC v Koutsagelos, 119 AD3d 846, 846) and, therefore, may set aside a foreclosure sale "'where fraud, collusion, mistake, or misconduct casts suspicion on the fairness of the sale'" (Alkaifi v Celestial Church of Christ Calvary Parish, 24 AD3d 476, 477, quoting Fleet Fin. v Gillerson, 277 AD2d 279, 280; see Liberty Dabar Assoc. v Mohammed, 183 AD3d 880, 882). Here, contrary to the defendant's contention, the alleged failures to comply with the provisions of RPAPL 1355 did not constitute misconduct that cast suspicion on the fairness of the sale (cf. Wells Fargo Bank, N.A. v Pickett, 187 AD3d 965, 966).
The defendant's contention that the Supreme Court should have granted that branch of his motion which was pursuant to CPLR 1001 to add AMG and People's United as necessary parties to the action is academic in light of our determination.
CONNOLLY, J.P., MILLER, WARHIT and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court