*683 OPINION OF THE COURT
Edward W. McCarty III, J.
The respondents seek dismissal of this proceeding under CPLR article 78 challenging a determination of the respondents’ hearing panel. The respondents argue that dismissal is required because the notice of petition was not timely filed prior to October 22, 1993 as required by CPLR 304 and the applicable Statute of Limitations. (CPLR 217.) Although it is only tangentially involved in this application, I do note that dismissal of this application would in all probability result in the termination of the petitioner’s career as a teacher without any regard to the merits of her claim.
The issue presented is a simple one. In an effort to generate revenue (see, Alexander, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C304:l, 1994 Pocket Part) the Legislature enacted CPLR 304 which provides that an action or special proceeding is commenced by filing the appropriate papers "with the clerk of the court.” The statute does not further define the term "clerk of the court.” The respondents suggest that the County Clerk and only the County Clerk can qualify as a clerk of the court (NY Const, art VI, § 6 [e]; County Law § 525 [1]). The notice of petition here was filed on October 22, 1993 with the clerk of what is currently denominated the Motion Support Office of this court in the courthouse at 100 Supreme Court Drive, Mineóla, New York, rather than the Office of the County Clerk at 240 Old Country Road, Mineóla, New York. It is the respondents’ view that this alone requires dismissal of this proceeding.
The purpose of CPLR 304 was to generate revenue and not to set a trap for the unwary. It is not inappropriate to require that the courts generate reasonable revenue to help fund their existence. It is quite another thing to elevate the funding of justice over its pursuit. The argument made by respondents would require dismissal of this proceeding despite the fact that the revenue collection purpose of the statute has been satisfied. A system of dispute resolution which permitted the wrongful termination of a career to go unchallenged based upon an inadvertent and nonprejudicial misfiling would ill deserve and not long collect the revenue which this statute was crafted to secure. A construction which defeats the statute’s basic purpose is to be avoided where possible. A construction which compels a determination that is substantively suspect should similarly be rejected.
Acceptance of the arguments advanced by respondents *684 would result in a determination lacking even the virtue of finality; a legal parenthesis of moment only until the commencement of a legal malpractice action. The merits of petitioner’s claim would again be presented to the judicial system for determination, but clouded by the passage of time and in the absence of those whose conduct is challenged. The possibility that real wrong could be suffered without the possibility of redress is all too apparent and clearly avoidable without doing violence to the text of the statute or its revenue-generating mission.
The respondents’ position is also inconsistent with the rules and the practice of this court concerning special proceedings and the submission of papers. As noted, CPLR 304 provides that a special proceeding is commenced by filing of a notice of petition or order to show cause with the clerk of the court (CPLR 304). However, while this may commence the proceeding, nothing else will occur. An order to show cause will not be signed and the matter will not be assigned to a Judge, placed on the calendar or submitted for determination until filed with the Motion Support Office. This is not simply the quaint practice of a suburban court, but the procedure contemplated by the Uniform Rules for Trial Courts (22 NYCRR 202.5). To construe CPLR 304 in a manner which would preclude prosecution of a special proceeding is at best illogical. In fact, during the filing crisis which recently affected the County Clerk’s Office, filing a notice of petition or order to show cause with that office would have virtually insured that the proceeding acquired a staleness not contemplated by the CPLR (CPLR 409, 410, 7804). The obvious remedy of filing copies is not much of an answer. The filing of duplicate petitions at various locations is an invitation to multiple proceedings and divergent results.
In sum, neither CPLR 304 nor the court’s reason for existence would be served by dismissing this action without regard to its merit because it was not filed with the County Clerk or her deputy. It is my conclusion that timely filing with the appropriate office of the trial court satisfies the requirements of CPLR 304. The petitioner is granted leave to serve an amended notice of petition bearing a filing date of October 22, 1993. The respondents’ motion to dismiss is denied. The respondents shall serve an answer within 20 days of the date of service of a copy of this order.