■ In the Matter of GUY J. BUONOCORE et al., Appellants, v VILLAGE OF SOUTH NYACK et al., Respondents. [656 NYS2d 288]

—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent South Nyack Zoning Board of Appeals, dated June 21, 1995, which denied the petitioners' application, *inter alia*, for a variance to permit the construction of a retaining wall, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Rockland County (Weiner, J.), dated March 25, 1996, which granted the respondents' motion to dismiss the proceeding on the ground that it was not timely commenced.

Ordered that the order and judgment is reversed, on the law, with costs, the motion is denied, the proceeding is reinstated, and the matter is remitted to the Supreme Court, Rockland County, for a determination on the merits.

Pursuant to Village Law § 7-712-c (1), the petitioners were required to commence the instant proceeding within 30 days of June 21, 1995, the date that the determination under review was filed with the Village Clerk. The petitioners prepared a notice of petition and petition dated July 19, 1995, and it is undisputed that they purchased an index number on July 20, 1995. The receipt for the fee paid for the index number is stamped "filed July 20, 1995", and the papers were "in the County Clerk's Office" as of that date. However, the petitioners did not purchase a request for judicial intervention until August 1995. Therefore, when the respondents asked the Clerk of the Supreme Court for the name of the Justice to whom the case had been assigned, the Clerk informed them that "the Court has no record of the filing of a Petition and Notice of Petition".

The respondents moved to dismiss the proceeding on the ground that it was not "properly filed" within the applicable 30-day Statute of Limitations, noting that 22 NYCRR 202.6 (a) states that "[t]he court shall not accept for filing [a notice of petition] unless accompanied by a written request for judicial intervention". The court granted their motion, holding that the "petition was not filed with the County Clerk within 30 days".

CPLR 304 provides, in pertinent part, that "[a] special proceeding is commenced by filing a notice of petition * * * and a petition with the clerk of the court" in the action where the proceeding is brought, or with any person designated by the clerk to accept delivery (*see,* CPLR 304). The County Clerk is the Clerk of the Supreme Court (*see,* County Law § 525 [1]; *Fallarino v Board of Educ.,* 160 Misc 2d 682). Therefore, the filing of the papers with the County Clerk satisfied the requirements of CPLR 304 (*see, Matter of Fry v Village of Tarrytown,* 89 NY2d 714).

The failure to include a request for judicial intervention does not constitute a jurisdictional defect (see, Matter of Caldor, Inc. v Board of Assessors, 142 AD2d 57, 59). However, pursuant to 22 NYCRR 202.6, a petitioner generally must obtain a request for judicial intervention in order to commence a special proceeding, since the court is directed not to accept the papers for filing without it. In this case, it appears that the County Clerk erroneously accepted the papers without a request for judicial intervention. However, the petitioners should not be charged with the Clerk's mistake (see, Matter of Schwarz v S & S Auto Repair Ctr., 216 AD2d 473). Since the notice of petition and petition were filed within the 30-day Statute of Limitations, the proceeding was timely commenced (see, CPLR 304; Matter of Fry v Village of Tarrytown, supra).

Accordingly, the respondents' motion is denied, and the matter is remitted to the Supreme Court, Rockland County, for a determination on the merits. Bracken, J. P., O'Brien, Santucci, Friedmann and Goldstein, JJ., concur.