OPINION OF THE COURT
Michael F. Mullen, J.
In the context of a proceeding brought by petitioners, pursu *39 ant to the Election Law, to invalidate a designating petition filed on behalf of the respondent Justin N. Lite, the latter has moved for an order pursuant to CPLR 3211, dismissing the petition for several reasons, but essentially on the grounds that the proceeding was untimely (Election Law § 16-102). The court heard oral argument on the motion on August 9, 2000, and both sides (not including the respondent Board of Elections) have since filed additional written memoranda with the court.
Section 16-102 (2) of the Election Law provides that a proceeding such as this “shall be instituted within fourteen days after the last day to file the petition.” All agree the proceeding here had to be instituted no later than July 27, 2000.
The petitioners obtained an order to show cause on July 26, 2000 (Gowan, J.). A copy of the verified petition was attached thereto.
The order, which was returnable July 28, 2000, provided for service of a copy of the order (by any one of four enumerated methods), together with the papers upon which it was granted, upon the candidate respondent on or before 12 noon on July 27, 2000. The order further provided that “the signing of this order to show cause shall commence this proceeding provided that, not later than five (5) days hereafter, the order to show cause or a conformed copy thereof is filed with the County Clerk.”
In support of the motion to dismiss, respondent relies heavily upon the language of CPLR 304, which provides, in essence, that a special proceeding is commenced by the filing of an order to show cause. He argues that filing here means delivery to the County Clerk’s Office. Since, allegedly, that was not done prior to July 28, 2000, the proceeding is untimely and must be dismissed.
What respondent overlooks is that the July 26, 2000 order contained a so-called safety valve provision, something which is specifically authorized by CPLR 304. It provided that the signing of the order “shall commence this proceeding provided that, not later than five days hereafter” the order was filed with the County Clerk (see, Enos v City of Rochester, 206 AD2d 159, 162).
So, in other words, this proceeding was commenced July 26, 2000, the date the order was signed, and thus is timely.
As for filing with the County Clerk, CPLR 304 also provides that “filing” means “delivery” of the notice of petition or the or *40 der to show cause to the clerk of the court in which the special proceeding is brought or any other person designated by the clerk of the court. The County Clerk is the “clerk” of the Supreme Court (see, Buonocore v Village of S. Nyack, 238 AD2d 336, 337). In Suffolk County, the County Clerk has a procedure in place whereby all orders to show cause with a future date are automatically forwarded to the Special Term Clerk for calendaring. In any event, the record in this case shows that the order was filed with both the County Clerk and Special Term Clerk within five days, and thus in a timely manner.
The respondent raises certain other points in support of his motion to dismiss, viz., lack of standing, failure to join necessary parties, etc., but the court finds them to be without merit.
The motion to dismiss is denied.