Village of Old Brookville v Village of Muttontown (2020 NY Slip Op 00453)





Village of Old Brookville v Village of Muttontown


2020 NY Slip Op 00453


Decided on January 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-01227 
2018-08000
 (Index No. 13893/12)

[*1]Village of Old Brookville, et al., appellants,
v
Village of Muttontown, respondent.


Rivkin Radler LLP, Uniondale, NY (William M. Savino, Stephen J. Smirti, Jr., M. Paul Gorfinkel, and Cheryl F. Korman of counsel), for appellants.
Harris Beach PLLC, Uniondale, NY (Keith M. Corbett and Stephanie L. Tanzi of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for breach of contract, the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (Thomas Feinman, J.), entered December 14, 2017, and (2) an order of the same court entered April 13, 2018. The order entered December 14, 2017, insofar as appealed from, denied that branch of the plaintiffs' motion which was for summary judgment on so much of the first cause of action as sought to recover the costs of future retiree health care benefits and granted that branch of the defendant's cross motion which was for summary judgment dismissing so much of the first cause of action as sought to recover the costs of future retiree health care benefits. The order entered April 13, 2018, denied the plaintiffs' motion for leave to renew and reargue that branch of their prior motion and their opposition to that branch of the defendant's cross motion.
ORDERED that the appeal from so much of the order entered April 13, 2018, as denied that branch of the plaintiffs' motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order entered December 14, 2017, is affirmed insofar as appealed from; and it is further,
ORDERED that the order entered April 13, 2018, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The parties are seven villages that entered into the Seven Village Joint Police Protection Contract (hereinafter the SVC) establishing a joint police protective service. The SVC was valid for a five-year period commencing on June 1, 2006, and expiring on May 31, 2011. The SVC provided that, upon its expiration or upon a village's withdrawal therefrom, each village "remain[ed] obligated to pay its respective pro rata share . . . [of] costs, liabilities and obligations incurred prior to such expiration or withdrawal, but paid or becoming due and payable after [*2]expiration or withdrawal." Such "costs, liabilities and obligations shall include earned termination benefits as described in relevant sections of collective bargaining agreements . . . , if any, whether or not vested that have not been funded."
The Village of Old Brookville, on behalf of the seven villages, entered into a collective bargaining agreement (hereinafter the 2006 CBA) with the Old Brookville Police Benevolent Association, Inc. (hereinafter the PBA), effective June 1, 2006, through May 31, 2012, which, inter alia, provided for certain retiree health insurance benefits.
Upon the expiration of the SVC on May 31, 2011, the defendant, Village of Muttontown (hereinafter Muttontown), withdrew from the arrangement and formed its own police force. The remaining six villages (hereinafter the plaintiffs) extended the SVC for one year, and then executed a new Six Village Joint Police Protection Contract. The 2006 CBA expired on May 31, 2012. Effective June 1, 2012, the plaintiffs and the PBA executed an agreement extending the 2006 CBA, with certain amendments.
The plaintiffs commenced this action against Muttontown to recover damages for breach of contract, seeking in the first cause of action, inter alia, to recover the present value of Muttontown's pro rata share of future retiree health care benefits incurred prior to the SVC expiration date, but paid or becoming due after the expiration date. The plaintiffs moved, inter alia, for summary judgment on so much of the first cause of action as sought to recover the costs of future retiree health care benefits, plus interest and late charges. Muttontown cross-moved, inter alia, for summary judgment dismissing that portion of the first cause of action. In an order entered December 14, 2017, the Supreme Court, inter alia, denied that branch of the plaintiffs' motion which was for summary judgment on that portion of the first cause of action and granted that branch of Muttontown's cross motion which was for summary judgment dismissing that portion of the first cause of action. The court determined that Muttontown agreed to be liable for obligations due under the 2006 CBA, for the time period through May 31, 2012, when that agreement expired. However, the court held that, upon the termination of the 2006 CBA on May 31, 2012, Muttontown's obligations ceased, as the SVC "did not provide or create a right to lifetime health care benefits, and in applying the traditional principle that the courts should not construe ambiguous writings to create lifetime promises, this court cannot construe that the [SVC] provided future health insurance premiums for life, as the duration of the obligation was set by the [2006 CBA]."
The plaintiffs thereafter moved, inter alia, for leave to renew the subject branch of their prior motion and their opposition to the subject branch of Muttontown's cross motion. In an order entered April 13, 2018, the Supreme Court denied the plaintiffs' motion. The plaintiffs appeal from the orders entered December 14, 2017, and April 13, 2018.
Muttontown met its prima facie burden for summary judgment dismissing so much of the first cause of action as sought to recover future retiree health care benefits to the extent such costs are attributable for any time period after May 31, 2012 (see Zuckerman v City of New York, 49 NY2d 557, 562-563). "As a general rule, contractual rights and obligations do not survive beyond the termination of a collective bargaining agreement" (Kolbe v Tibbetts, 22 NY3d 344, 353, citing Litton Financial Printing Div., Litton Business Systems, Inc. v NLRB, 501 US 190, 207; see M & G Polymers USA, LLC v Tackett, 574 US 427, 441-442). However, "[r]ights which accrued or vested under the agreement will, as a general rule, survive termination of the agreement" (Litton Financial Printing Div., Litton Business Systems, Inc. v NLRB, 501 US at 207; see Kolbe v Tibbetts, 22 NY3d at 353).
"[A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (Kolbe v Tibbetts, 22 NY3d at 353 [internal quotation marks omitted]). In determining whether a collective bargaining agreement (hereinafter CBA) creates a vested right to future benefits, "courts should not construe ambiguous writings to create lifetime promises" (M & G Polymers USA, LLC v Tackett, 574 US at 441). Critically, "when a contract is silent as to the duration of retiree benefits, a court may not infer that the parties intended those benefits to vest for life" (id. at 442).
Here, the primary question is whether, by the terms of the SVC, Muttontown obligated itself to contribute to the cost of providing health benefits for retired officers, which benefits were granted pursuant to the 2006 CBA. In order to answer this question, it must first be determined whether the 2006 CBA obligated the Village of Old Brookville to provide health benefits to retired officers after the termination of the 2006 CBA. The 2006 CBA is silent as to the duration of the health benefits promised therein and, therefore, it must be assumed that those benefits were promised only until the expiration of that agreement. Section 4.11 of the 2006 CBA, describing the benefits at issue, states: "The Village shall pay the full cost of health insurance for police officers who retire after June 1, 1989 with 20 years of service or are placed on accidental disability retirement. This coverage shall be individual or family depending on the police officer's marital status at the time of retirement. Retired police officers who are eligible to receive comparable health insurance from employers will lose this benefit or pay to the Village the cost of the premium for the coverage received, however, upon the cessation of such outside coverage, such retired police officers will again be eligible for the coverage hereunder." Although the parties and the PBA were certainly free to negotiate for continued, enhanced, or reduced benefits in future CBAs, nothing contained in the foregoing text commits the Village of Old Brookville to pay any of the benefits in question upon the termination of the 2006 CBA.
By contrast, in Kolbe v Tibbetts (22 NY3d at 353), where the plaintiff retirees challenged a school district's reduction of certain health care benefits subsequent to their retirement, the Court of Appeals held that language in the CBA in effect when the plaintiffs retired vested them with benefits that continued beyond the expiration of the CBA. The relevant language from the CBA in Kolbe provided that "[t]he coverage provided [in retirement] shall be the coverage which is in effect for the unit at such time as the employee retires" (id. at 350 [internal quotation marks omitted]).
Here, there is no comparable language guaranteeing the same level of benefits beyond the expiration of the 2006 CBA. Thus, the health care benefits at issue do not survive beyond the expiration of the 2006 CBA. That the plaintiffs and the PBA may have bargained for equivalent benefits in future CBAs is irrelevant to the discrete issue of Muttontown's liability to the plaintiffs under the SVC. As such, Muttontown established, prima facie, that it was not liable under the SVC for the provision of health care benefits beyond the expiration of the 2006 CBA.
In opposition to Muttontown's demonstration of its prima facie entitlement to judgment as a matter of law, the plaintiffs failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d at 562-563). Accordingly, we agree with the Supreme Court's determination to grant that branch of Muttontown's cross motion which was for summary judgment dismissing so much of the first cause of action as sought to recover future retiree health care benefits for any time period after May 31, 2012, and to deny that branch of the plaintiffs' motion which was for summary judgment on that portion of the first cause of action. We note that, since the plaintiffs and the PBA entered into an agreement extending the terms of the 2006 CBA, effective June 1, 2012, there was no period in which the officers were working pursuant to the terms of an expired CBA, and therefore, we need not decide the effect, if any, of the Triborough doctrine on the extent of Muttontown's liability (see generally Matter of Professional Staff Congress-City Univ. of N.Y. v New York State Pub. Empl. Relations Bd., 7 NY3d 458, 466-467).
We also agree with the Supreme Court's determination to deny that branch of the plaintiffs' subsequent motion which was for leave to renew the subject branch of their prior motion and their opposition to the subject branch of Muttontown's cross motion, as the plaintiffs failed to set forth a reasonable justification for failing to submit the new facts on the prior motion and cross motion (see Bukhtiyarova v Cohen, 172 AD3d 1153, 1156; Cioffi v S.M. Foods, Inc., 129 AD3d 888, 891).
The plaintiffs' remaining contentions are without merit.
AUSTIN, J.P., ROMAN, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court