Wells Fargo Del. Trust Co., N.A. v De Los Santos (2020 NY Slip Op 04806)





Wells Fargo Del. Trust Co., N.A. v De Los Santos


2020 NY Slip Op 04806


Decided on August 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2017-12787
 (Index No. 703387/13)

[*1]Wells Fargo Delaware Trust Company, N.A., etc., appellant, 
v
Juan De Los Santos, et al., defendants, Norma Lopez, respondent.


Jeffrey A. Kosterich, LLC, Tuckahoe, NY, for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered September 11, 2017. The order denied the plaintiff's motion for leave to renew its prior motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Norma Lopez, to strike that defendant's answer, and for an order of reference, which had been denied in an order of the same court dated June 13, 2014.
ORDERED that the order entered September 11, 2017, is affirmed, without costs or disbursements.
In 2013, the plaintiff commenced this action to foreclose a mortgage on certain residential property in Queens, against, among others, the defendant Norma Lopez. In February 2014, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against Lopez, to strike Lopez's answer, and for an order of reference. In an order dated June 13, 2014, the Supreme Court denied the motion, finding triable issues of fact regarding the plaintiff's standing to commence the action, inasmuch as the allonges allegedly assigning the note to the plaintiff referred to a note dated "9/1/2005," and the mortgage and note that are the subject of this action are dated August 16, 2005.
In September 2015, the plaintiff moved for leave to renew and reargue its prior motion. In support of that branch of its motion which was to renew, the plaintiff submitted the affidavit of an employee who averred that the date of the note referred to in the subject allonges was a typographical error, and the allonges should have referred to a note dated "August 15, 2005 instead." In an order dated February 10, 2016, the Supreme Court denied the motion, finding, inter alia, with respect to renewal, that the additional facts submitted were insufficient to warrant a change in the court's prior determination.
In February 2017, the plaintiff again moved for leave to renew its prior summary judgment motion. In support of its motion, the plaintiff submitted another affidavit of the same employee, who averred that the reference in her prior affidavit to a note dated "August 15, 2005" was a typographical error, and that it should have read "August 16, 2005." In addition to offering these "new facts," the plaintiff also argued that there had been intervening clarifying case law that supported its position on the summary judgment motion. In an order entered September 11, 2017, [*2]the Supreme Court denied the motion, finding that the plaintiff had not offered any evidence or legal arguments that could not have been presented with diligent effort in its prior motions. The plaintiff appeals from the September 11, 2017 order.
A motion for leave to renew must be based upon "new facts not offered on the prior motion," or a change in the law, that would change the prior determination (CPLR 2221[e][2]). Where the motion is based upon new facts, the motion must contain a reasonable justification for the failure to present such facts on the prior motion (see CPLR 2221[e][3]). "It is well settled that a motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (Deutsche Bank Natl. Trust Co. v Elshiekh, 179 AD3d 1017, 1020; see U.S. Bank N.A. v Ahmed, 174 AD3d 661, 665; Worrell v Parkway Estates, LLC, 43 AD3d 436, 437; Renna v Gullo, 19 AD3d 472).
Here, the plaintiff did not provide a reasonable justification for its failure to present the additional facts at the time its earlier motions were made (see U.S. Bank N.A. v Ahmed, 174 AD3d at 665; Kio Seob Kim v Malwon, LLC, 155 AD3d 1017, 1018). The plaintiff also failed to demonstrate that there was a change in the law that would change the Supreme Court's prior determination (see US Bank N.A. v Lawson, 170 AD3d 1068, 1070). Accordingly, we agree with the court's determination denying the plaintiff's motion for leave to renew its prior motion.
DILLON, J.P., HINDS-RADIX, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court