A.D.E. Sys., Inc. v Quietside Corp. (2020 NY Slip Op 06477)





A.D.E. Sys., Inc. v Quietside Corp.


2020 NY Slip Op 06477


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2018-08890 
2018-11477
 (Index No. 611276/17)

[*1]A.D.E. Systems, Inc., appellant,
v
Quietside Corporation, et al., respondents.


Levitt LLP, Mineola, NY (Steven L. Levitt and James E. Brandt of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker, LLP, New York, NY (Judy C. Selmeci and Thomas DeMicco of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), entered May 21, 2018, and (2) an order of the same court entered August 21, 2018. The order entered May 21, 2018, insofar as appealed from, granted those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the causes of action to recover damages for breach of the implied covenant of good faith and fair dealing and unjust enrichment. The order entered August 21, 2018, granted the defendants' motion for summary judgment dismissing the causes of action to recover damages for breach of contract, and denied the plaintiff's motion for leave to reargue its opposition to those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the causes of action to recover damages for breach of the implied covenant of good faith and fair dealing and unjust enrichment, which had been granted in the order entered May 21, 2018.
ORDERED that the order entered May 21, 2018, is reversed insofar as appealed from, on the law, those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the causes of action to recover damages for breach of the implied covenant of good faith and fair dealing and unjust enrichment are denied, without costs or disbursements; and it is further,
ORDERED that appeal from so much of the order entered August 21, 2018, as denied the plaintiff's motion for leave to reargue is dismissed; and it is further,
ORDERED that the order entered August 21, 2018, is affirmed insofar as reviewed, without costs or disbursements.
On or about May 17, 2013, the parties entered into an agreement (hereinafter the agreement) whereby the plaintiff would be a sales representative for the defendants. On or about March 11, 2017, the defendants terminated the agreement. Thereafter, the plaintiff commenced this action, inter alia, to recover damages for breach of contract (both actual and anticipatory), breach of the implied covenant of good faith and fair dealing, and unjust enrichment.
The defendants moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint. By order entered May 21, 2018, the Supreme Court, inter alia, denied those branches of the defendants' motion which were to dismiss the two causes of action to recover damages for breach of contract, but granted those branches of their motion which were to dismiss the causes of action to recover damages for breach of the implied covenant of good faith and fair dealing and unjust enrichment.
The plaintiff then moved for leave to reargue its opposition to those branches of the defendants' motion which were granted in the order dated May 21, 2018. Shortly thereafter, the defendants moved for summary judgment dismissing the causes of action to recover damages for breach of contract. By order entered August 21, 2018, the Supreme Court denied the plaintiff's motion for leave to reargue and granted the defendants' motion for summary judgment dismissing the causes of action to recover damages for breach of contract. The plaintiff appeals.
The plaintiff's appeal from so much of the order entered August 21, 2018, as denied its motion for leave to reargue must be dismissed, as no appeal lies from an order denying reargument (see Martinez v Kaz USA, Inc., 183 AD3d 720).
We agree with the Supreme Court's determination granting the defendants' motion for summary judgment dismissing the causes of action to recover damages for breach of contract. A "'written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms'" (Village of Old Brookville v Village of Muttontown, 179 AD3d 972, 975, quoting Kolbe v Tibbetts, 22 NY3d 344, 353; see Wilson v Poughkeepsie City Sch. Dist., 147 AD3d 1112, 1113-1114). Here, the defendants met their prima facie burden of demonstrating that they did not breach the agreement as alleged by the plaintiff (see Zuckerman v City of New York, 49 NY2d 557, 562). The defendants established that they terminated the agreement in accordance with the clear and unambiguous terms specified within the agreement and thus, there was no breach of the agreement (see City of New York v Shellbank Rest. Corp., 169 AD3d 581, 582; Brooklyn Historic Ry. Assn. v City of New York, 126 AD3d 837, 839; Red Apple Child Dev. Ctr. v Community School Dists. Two, 303 AD2d 156, 158). In opposition, the plaintiff failed to raise a triable issue of fact.
However, the Supreme Court should not have granted those branches of the defendants' motion which were pursuant to CPLR 3211(a)(1) and (7) to dismiss the causes of action to recover damages for breach of the implied covenant of good faith and fair dealing and unjust enrichment. On a motion to dismiss pursuant to CPLR 3211(a)(7), a court must accept the facts alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88). Additionally, in considering a motion to dismiss a complaint pursuant to CPLR 3211(a)(1), "the documentary evidence must utterly refute the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Gould v Decolator, 121 AD3d 845, 847; see Leon v Martinez, 84 NY2d at 88).
Contrary to the Supreme Court's determination, the cause of action to recover damages for breach of the covenant of good faith and fair dealing was not duplicative of the causes of action to recover damages for breach of contract, since it alleged that the defendants engaged in additional conduct to realize gains from the plaintiff, while depriving the plaintiff of the benefits of the parties' agreement (see Travelsavers Enters., Inc. v. Analog Analytics, Inc., 149 AD3d 1003, 1006). Further, the plaintiff alleged sufficient facts to support a cause of action to recover damages for unjust enrichment (see generally Georgia Malone & Co., Inc. v Rieder, 19 NY3d 511, 516; IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 142).
The documentary evidence submitted by the defendants failed to utterly refute the plaintiff's factual allegations, conclusively establishing a defense as a matter of law, or show that the allegations as to the causes of action alleging breach of the implied covenant of good faith and fair dealing and unjust enrichment are not facts at all (see Georgica Bldrs., Ltd. v 136 Bishops Lane, LLC, 175 AD3d 610, 611).
RIVERA, J.P., CHAMBERS, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court