MTGLQ Invs., L.P. v Rebecca (2022 NY Slip Op 05084)

MTGLQ Invs., L.P. v Rebecca

2022 NY Slip Op 05084

Decided on August 31, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 31, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
SHERI S. ROMAN
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2020-09336
 (Index No. 25021/13)

[*1]MTGLQ Investors, L.P., respondent,
v
Laura Rebecca, etc., appellant, et al., defendant.

Christopher Thompson, West Islip, NY, for appellant.
LOGS Legal Group, LLP, Rochester, NY (Austin T. Shufelt of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Laura Rebecca appeals from an order of the Supreme Court, Suffolk County (Michael A. Gajdos, Jr., J.), dated August 11, 2020. The order denied that defendant's motion for leave to renew her prior motion, inter alia, (1) pursuant to CPLR 5015(a)(1), (3), and (4) to vacate a judgment of foreclosure and sale of the same court dated May 8, 2017, (2) pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned, and (3), in effect, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her, which had been denied in an order of the same court (W. Gerard Asher, J.) dated December 5, 2017.
ORDERED that the order dated August 11, 2020, is affirmed, with costs.
On November 30, 2005, the defendant Laura Rebecca (hereinafter the defendant), executed a note in the sum of $283,600 in favor of Quicken Loans, Inc., which was secured by a mortgage on certain real property in Huntington Station (hereinafter the property). On December 14, 2006, the defendant executed a note in the sum of $31,600 in favor of Countrywide Home Loans, Inc. (hereinafter Countrywide), which was secured by a mortgage on the property. On December 14, 2006, the defendant and Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide, entered into a consolidation, extension, and modification agreement, whereby the two prior notes and mortgages were consolidated into a single lien in the sum of $315,200.
In September 2013, Green Tree Servicing, LLC, the plaintiff's predecessor in interest, commenced this action to foreclose the consolidated mortgage against, among others, the defendant, who did not interpose an answer. In February 2016, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendant and to appoint a referee to compute the amount due to the plaintiff. By order dated August 12, 2016, the Supreme Court granted the plaintiff's motion. The court issued a judgment of foreclosure and sale dated May 8, 2017.
By order to show cause dated August 1, 2017, the defendant moved, inter alia, (1) pursuant to CPLR 5015(a)(1), (3), and (4) to vacate the judgment of foreclosure and sale, (2) pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned, and (3), in effect, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her. In [*2]an order dated December 5, 2017, the Supreme Court denied the defendant's motion. The defendant filed a notice of appeal from that order. However, the defendant failed to timely perfect that appeal, which was deemed dismissed (see 22 NYCRR 1250.10[a]).
By order to show cause dated February 26, 2018, the defendant moved for leave to renew her prior motion, among other things, to vacate the judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against her. In an order dated August 11, 2020, the Supreme Court denied the defendant's motion for leave to renew. The defendant appeals.
Contrary to the plaintiff's contention, the dismissal of the prior appeal does not preclude our review of the order dated August 11, 2020, which denied the defendant's motion for leave to renew her prior motion (see Wells Fargo Bank, N.A. v Geremia, 205 AD3d 841, 842; 2005-2011 Realty, LLC v Brailovskiy, 186 AD3d 788, 790; cf. Bray v Cox, 38 NY2d 350, 379).
Nevertheless, the Supreme Court properly denied the defendant's motion for leave to renew. "A motion for leave to renew must be based upon 'new facts not offered on the prior motion,' or a change in the law, that would change the prior determination" (Wells Fargo Del. Trust Co., N.A. v De Los Santos, 186 AD3d 900, 901, quoting CPLR 2221[e][2]). "Where the motion is based upon new facts, the motion must contain a reasonable justification for the failure to present such facts on the prior motion" (Wells Fargo Del. Trust Co., N.A. v De Los Santos, 186 AD3d at 901; see CPLR 2221[e][3]). "'[A] motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation'" (Wells Fargo Del. Trust Co., N.A. v De Los Santos, 186 AD3d at 901, quoting Deutsche Bank Natl. Trust Co. v Elshiekh, 179 AD3d 1017, 1020; see Eskenazi v Mackoul, 92 AD3d 828, 829). Here, the defendant failed to present new facts or a change in the law that would change the prior determination (see McGowan-Amandola v Federal Realty Inv. Trust, 191 AD3d 868, 870; HSBC Bank USA, N.A. v Sodhi, 167 AD3d 853, 854).
The defendant's remaining contentions either need not be reached in light of our determination or are without merit.
Accordingly, the Supreme Court properly denied the defendant's motion for leave to renew her prior motion, inter alia, (1) pursuant to CPLR 5015(a)(1), (3), and (4) to vacate the judgment of foreclosure and sale, (2) pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned, and (3), in effect, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her.
IANNACCI, J.P., ROMAN, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court