Board of Mgrs. of Van Wyck Glen Condominium v Van Wyck at Merritt Park Homeowners Assn., Inc. (2022 NY Slip Op 07045)

Board of Mgrs. of Van Wyck Glen Condominium v Van Wyck at Merritt Park Homeowners Assn., Inc.

2022 NY Slip Op 07045

Decided on December 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2021-06711
 (Index No. 50017/17)

[*1]Board of Managers of Van Wyck Glen Condominium, et al., respondents, 
v
Van Wyck at Merritt Park Homeowners Association, Inc., et al., appellants (and a third-party action).

Braverman Greenspun, P.C., New York, NY (Jon Kolbrener and Kelly Ringston of counsel), for appellants.
Handel & Carlini, LLP, Poughkeepsie, NY (Anthony C. Carlini, Jr., of counsel), for respondents.
In an action, inter alia, for declaratory relief, the defendants appeal from an order of the Supreme Court, Dutchess County (Michael G. Hayes, J.), dated August 31, 2021. The order denied the defendants' motion for leave to renew and reargue certain branches of their prior motion, inter alia, for summary judgment dismissing the complaint, and, in effect, their opposition to certain branches of the plaintiffs' prior motion, among other things, for summary judgment dismissing stated portions of the first counterclaim, which were determined in an order of the same court (Christi J. Acker, J.) dated January 8, 2021.

DECISION & ORDER
Motion by the plaintiffs to dismiss the appeal on the ground that no appeal lies from an order denying reargument. By decision and order on motion of this Court dated December 29, 2021, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the branch of the motion which is to dismiss the appeal from so much of the order dated August 31, 2021, as denied that branch of the defendants' motion which was for leave to reargue certain branches of their prior motion, inter alia, for summary judgment
dismissing the complaint, and, in effect, their opposition to certain branches of the plaintiffs' prior motion, among other things, for summary judgment dismissing stated portions of the first counterclaim, is granted, and the motion is otherwise denied; and it is further,
ORDERED that the appeal from so much of the order dated August 31, 2021, as denied that branch of the defendants' motion which was for leave to reargue certain branches of their prior motion, inter alia, for summary judgment dismissing the complaint, and, in effect, their opposition to certain branches of the plaintiffs' prior motion, among other things, for summary judgment dismissing stated portions of the first counterclaim, is dismissed; and it is further,
ORDERED that the order dated August 31, 2021, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
As more fully set forth in the decision and order of this Court on a related appeal (see Board of Managers of Van Wyck Glen Condominium v Van Wyck at Merritt Park Homeowners Association Inc., __ AD3d __ [Appellate Division Docket No. 2021-00411; decided herewith]), the plaintiffs commenced this action seeking certain declaratory relief and to recover damages for breach of fiduciary duty. In their answer, the defendants asserted several counterclaims. The defendants moved, inter alia, for summary judgment dismissing the complaint. The plaintiffs moved, among other things, for summary judgment dismissing stated portions of the first counterclaim. In an order dated January 8, 2021, the Supreme Court, inter alia, denied certain branches of the defendants' motion and granted certain branches of the plaintiffs' motion. The defendants moved for leave to renew and reargue certain branches of their motion and, in effect, their opposition to certain branches of the plaintiffs' motion. In an order dated August 31, 2021, the Supreme Court denied the defendants' motion, concluding that the defendants failed to establish that the court had overlooked or misapprehended the relevant facts or misapplied any controlling principal of law, and that they had failed to offer any new facts that would change the court's prior determination. The defendants appeal.
The appeal from so much of the order as denied that branch of the defendants' motion which was for leave to reargue must be dismissed, as no appeal lies from an order denying reargument (see A.D.E. Sys., Inc. v Quietside Corp., 188 AD3d 762, 763).
The Supreme Court properly denied that branch of the defendants' motion which was for leave to renew, as the defendants did not present any "new facts not offered on the prior motion[s] that would change the prior determination," or "demonstrate that there ha[d] been a change in the law that would change the prior determination" (CPLR 2221[e]; see MTGLQ Invs., L.P. v Rebecca, 208 AD3d 869, 871; HSBC Bank USA, N.A. v Sodhi, 167 AD3d 853, 854).
BRATHWAITE NELSON, J.P., IANNACCI, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court