Select Portfolio Servicing, Inc. v Sampson (2023 NY Slip Op 02345)

Select Portfolio Servicing, Inc. v Sampson

2023 NY Slip Op 02345

Decided on May 3, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH A. ZAYAS
WILLIAM G. FORD
LILLIAN WAN, JJ.

2021-08439
 (Index No. 702840/17)

[*1]Select Portfolio Servicing, Inc., appellant, 
v
Celene L. Sampson, et al., defendants, Beach 65 St Realty, Inc., respondent.

Aldridge Pite, LLP, Melville, NY (Kenneth Sheehan and Kelly Ann Poole of counsel), for appellant.
Avinoam Rosenfeld, Lawrence, NY, for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Marguerite A. Grays, J.), dated November 5, 2021. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for leave to renew its opposition to that branch of the cross-motion of the defendant Beach 65 St Realty, Inc., which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it, which had been granted in an order of the same court entered January 17, 2019.
ORDERED that the order dated November 5, 2021, is affirmed insofar as appealed from, with costs.
In this mortgage foreclosure action, the defendant Beach 65 St Realty, Inc. (hereinafter Beach 65), cross-moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it. The Supreme Court granted that branch of Beach 65 s cross-motion. The plaintiff moved, among other things, for leave to renew its opposition to that branch of Beach 65's cross-motion. In an order dated November 5, 2021, the court, inter alia, denied that branch of the plaintiff's motion. The plaintiff appeals.
As relevant here, a motion for leave to renew must demonstrate that there has been a change in the law that would change the prior determination (see id. § 2221[e][2]). In this case, since the plaintiff failed to demonstrate that there had been a change in the law that would have altered the prior determination, the Supreme Court properly denied that branch of the plaintiff's motion which was for leave to renew its opposition to that branch of Beach 65's cross-motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it (see MTGLQ Invs., L.P. v Rebecca, 208 AD3d 869, 871).
DILLON, J.P., ZAYAS, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court