Harway Terrace, Inc. v Shlivko (2023 NY Slip Op 05392)

Harway Terrace, Inc. v Shlivko

2023 NY Slip Op 05392

Decided on October 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2021-04201
 (Index No. 504029/18)

[*1]Harway Terrace, Inc., et al., appellants, 
v
Nina Shlivko, respondent, et al., defendant.

Baker Greenspan & Bernstein, Bellmore, NY (Evan E. Richards of counsel), for appellants.
Shlivko Giancola LLC, New York, NY (Kenneth M. Giancola and Sam J. Shlivko of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for defamation, the plaintiffs appeal from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated May 10, 2021. The order, insofar as appealed from, denied that branch of the plaintiffs' motion which was for leave to renew their opposition to the prior motion of the defendant Nina Shlivko, inter alia, to quash certain subpoenas and the plaintiff's prior cross-motion to compel certain discovery, which had been determined in an order of the same court dated March 30, 2021.
ORDERED that the order dated May 10, 2021, is affirmed insofar as appealed from, with costs.
A motion for leave to renew "must be based upon 'new facts not offered on the prior motion,' or a change in the law, that would change the prior determination" (Wells Fargo Del. Trust Co., N.A. v De Los Santos, 186 AD3d 900, 901, quoting CPLR 2221[e][2]; see MTGLQ Invs., L.P. v Rebecca, 208 AD3d 869, 871). "Although the requirement that a motion for renewal must be based on new facts is a flexible one . . ., a motion to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation, and the Supreme Court lacks discretion to grant renewal where the moving party omits a reasonable justification for failing to present the new facts on the original motion" (Jovanovic v Jovanovic, 96 AD3d 1019, 1020 [citations omitted]; see Seegopaul v MTA Bus Co., 210 AD3d 715, 716; Mooklal v Clermont Farm Corp., 187 AD3d 740, 741). Moreover, "'[l]eave to renew is not warranted where the factual material adduced in connection with the subsequent motion is merely cumulative with respect to the factual material submitted in connection with the original motion'" (Deutsche Bank Natl. Trust Co. v Galloway, 214 AD3d 625, 625, quoting Ferraro Foods, Inc. v Guyon, Inc., 165 AD3d 628, 630).
Here, the plaintiffs failed to present new facts or demonstrate a change in the law that would change the prior determination (see Board of Mgrs. of Van Wyck Glen Condominium v Van Wyck at Merritt Park Homeowners Assn., Inc., 211 AD3d 790, 791; MTGLQ Invs., L.P. v Rebecca, 208 AD3d at 871). Furthermore, the plaintiffs failed to offer a reasonable justification for the failure to present the alleged new facts on the underlying motion and cross-motion (see Seegopaul v MTA [*2]Bus Co., 210 AD3d at 716). Accordingly, the Supreme Court properly denied that branch of the plaintiffs' motion which was for leave to renew.
The plaintiffs' remaining contentions need not be reached in light of our determination.
BARROS, J.P., MALTESE, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court