Matter of Polak v MTA Long Is. R.R. (2024 NY Slip Op 04142)

Matter of Polak v MTA Long Is. R.R.

2024 NY Slip Op 04142

Decided on August 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LILLIAN WAN
CARL J. LANDICINO, JJ.

2022-00039
2023-01399
 (Index No. 711133/21)

[*1]In the Matter of Brian Polak, appellant, 
v
MTA Long Island Railroad, et al., respondents.

Edelman, Krasin & Jaye, PLLC, Westbury, NY (Aaron D. Fine of counsel), for appellant.
Cullen and Dykman LLP, New York, NY (Michael E. Joseph of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the petitioner appeals from (1) an order of the Supreme Court, Queens County (Pam Jackman Brown, J.), entered December 3, 2021, and (2) an order of the same court entered January 4, 2023. The order entered December 3, 2021, denied the petition and, in effect, dismissed the proceeding. The order entered January 4, 2023, denied the petitioner's motion to resettle the order entered December 3, 2021, and for leave to renew and reargue the petition.
ORDERED that the order entered December 3, 2021, is affirmed; and it is further,
ORDERED that the appeal from so much of the order entered January 4, 2023, as denied that branch of the petitioner's motion which was to resettle the order entered December 3, 2021, is dismissed; and it is further,
ORDERED that the appeal from so much of the order entered January 4, 2023, as denied that branch of the petitioner's motion which was for leave to reargue is dismissed; and it is further,
ORDERED that the order entered January 4, 2023, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
On October 5, 2020, while working on a railroad construction project, the petitioner allegedly was injured when he was struck by a crane. On May 14, 2021, the petitioner commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim upon the respondents, MTA Long Island Railroad, Metropolitan Transportation Authority, and Long Island Railroad. In support of the petition, the petitioner submitted, inter alia, a workers' compensation information form and an incident investigation report prepared by a nonparty railroad construction firm.
On June 4, 2021, the petitioner's counsel was informed that he failed to file a request for judicial intervention with the petition. As such, on the same day, the petitioner's counsel re-filed the notice of petition and included a request for judicial intervention. However, counsel did not include the petition or the supporting documents with his additional filing. The respondents opposed the petition on the merits, referencing the petitioner's supporting documents. In an order entered December 3, 2021, the Supreme Court denied the petition and, in effect, dismissed the proceeding. The court concluded that the petition was defective because the petitioner failed to attach the supporting documents to his re-filed notice of petition.
Thereafter, the petitioner moved to resettle the order entered December 3, 2021, and for leave to renew and reargue the petition. In an order entered January 4, 2023, the Supreme Court denied the petitioner's motion. The petitioner appeals from both orders.
The appeal from so much of the order entered January 4, 2023, as denied that branch of the petitioner's motion which was to resettle the order entered December 3, 2021, must be dismissed, as no appeal lies from "an order denying a motion for resettlement of the substantive or decretal provisions of a prior order" (Matter of Harrington v Tullo, 181 AD3d 604, 605, citing Blue Chip Mtge. Corp. v Strumpf, 50 AD3d 936, 937). The appeal from so much of the order entered January 4, 2023, as denied that branch of the petitioner's motion which was for leave to reargue the petition must also be dismissed, as no appeal lies from an order denying reargument (see P.S. Fin., LLC v Eureka Woodworks, Inc., 213 AD3d 863, 864; Doctors for Surgery, PLLC v Aristide, 192 AD3d 991, 992).
The Supreme Court erred in denying the petition on the ground that the petitioner failed to attach the necessary supporting documents. The petition and the necessary supporting documents were originally filed without a request for judicial intervention. Pursuant to 22 NYCRR 202.6, a petitioner generally must obtain a request for judicial intervention in order to commence a special proceeding, since the court is directed not to accept the papers for filing without it. "The failure to include a request for judicial intervention does not constitute a jurisdictional defect" (Matter of Buonocore v Village of S. Nyack, 238 AD2d 336, 338). In this case, it appears that the County Clerk erroneously accepted the papers without a request for judicial intervention, and the petitioner's subsequent filing of a request for judicial intervention supplemented his original filing in order to correct the clerk's error. Under these unique circumstances, the clerk's error, which was expeditiously corrected by the petitioner, should not adversely affect the petitioner (cf. id.).
In the interest of judicial economy, we deem it appropriate to address the petition on the merits, rather than to remit the matter to the Supreme Court, Queens County, to do so (see Nisimova v Starbucks Corp., 108 AD3d 513, 514).
On the merits, the petition was properly denied. General Municipal Law § 50-e(1)(a) requires service of a notice of claim within 90 days after the claim arises, as a condition precedent to commencement of a tort action against a municipal corporation. General Municipal Law § 50-e(5) authorizes a court, in its discretion, to extend that period of time (see Public Authorities Law § 1276[2]). In determining whether to grant the extension, the statute directs the court to consider, "in particular, whether the public corporation . . . acquired actual knowledge of the essential facts constituting the claim within the [90-day period] or within a reasonable time thereafter," and to "consider all other relevant facts and circumstances, including . . . whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits" (General Municipal Law § 50-e[5]). Other factors to consider include whether the petitioner had a reasonable excuse for the failure to serve a timely notice of claim (see Matter of Salazar v City of New York, 212 AD3d 633, 634; Matter of Bermudez v City of New York, 167 AD3d 733, 734). "While the presence or the absence of any one of the factors is not necessarily determinative, whether the municipality had actual knowledge of the essential facts constituting the claim is of great importance" (Matter of Placido v County of Orange, 112 AD3d 722, 723 [citations omitted]; see Parker v City of New York, 206 AD3d 936, 938; Matter of Joy v County of Suffolk, 89 AD3d 1025, 1026).
Here, the petitioner submitted a workers' compensation information form and an incident investigation report prepared by a nonparty railroad construction firm in support of the petition. However, neither of those documents were prepared by the respondents and there is no evidence that the respondents were ever in possession of those documents. The petitioner thus failed to establish that the respondents had actual knowledge of the essential facts constituting the claim (see Lobos v City of New York, 219 AD3d 720, 721; Matter of Camet v County of Suffolk, 100 AD3d 882, 883). The petitioner also failed to provide a reasonable excuse for his failure to serve a timely notice of claim (see Matter of Sumi v Village of Stewart Manor, 219 AD3d 490, 491; Matter of Zelin v Blind Brook-Rye Union Free Sch. Dist., 164 AD3d 1352, 1353).
The Supreme Court properly denied that branch of the petitioner's motion which was for leave to renew the petition. A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (id. § 2221[e][3]). "[A] motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (Seegopaul v MTA Bus Co., 210 AD3d 715, 716). Here, in support of this branch of the motion, the petitioner submitted a MTA Capital Construction injury report which states that a "spotter" should have been utilized during the work that allegedly caused the petitioner's injury. However, the petitioner failed to provide a reasonable justification for failing to include that document with the petition (see Harway Terrace, Inc. v Shlivko, 220 AD3d 927, 928; Wilmington Sav. Fund Socy. FSB v Khandaker, 217 AD3d 729, 730). Although the document was provided to the petitioner after the filing of the petition in response to a request pursuant to the Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL), the petitioner did not make that FOIL request until nearly two months after filing the petition. The petitioner failed to explain that lengthy delay in making his FOIL request (see Abrams v Berelson, 94 AD3d 782, 784).
The respondents' remaining contentions need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., MALTESE, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court