Deutsche Bank Natl. Trust Co. v Villatoro (2025 NY Slip Op 00649)

Deutsche Bank Natl. Trust Co. v Villatoro

2025 NY Slip Op 00649

Decided on February 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
LILLIAN WAN, JJ.

2023-01653
 (Index No. 8110/16)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Alex Villatoro, etc., appellant, et al., defendants.

Christopher Thompson, West Islip, NY, for appellant.
LOGS Legal Group (Reed Smith LLP, New York, NY [James N. Faller and Andrew B. Messite], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Alex Villatoro appeals from an order of the Supreme Court, Nassau County (David P. Sullivan, J.), entered December 16, 2022. The order, insofar as appealed from, denied those branches of that defendant's motion which were for leave to renew his opposition to those branches of the plaintiff's motion which were to confirm a referee's report and for leave to enter a judgment of foreclosure and sale, which had been granted in an order and judgment of foreclosure and sale (one paper) of the same court (Julianne T. Capetola, J.) dated December 19, 2018, and to dismiss the complaint insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The defendant Alex Villatoro (hereinafter the defendant) contends that he is entitled to renewal of his opposition to those branches of the plaintiff's prior motion which were to confirm a referee's report and for a judgment of foreclosure and sale, and, upon renewal, vacatur of an order and judgment of foreclosure and sale dated December 19, 2018, and dismissal of the complaint insofar as asserted against him based upon fraud and intentional misrepresentation, as well as new decisional law establishing the plaintiff's alleged failure to establish its strict compliance with RPAPL 1304.
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination" and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][2], [3]; see Wilmington Sav. Fund Socy. FSB v Khandaker, 217 AD3d 729, 730; Deutsche Bank Natl. Trust Co. v Elshiekh, 179 AD3d 1017, 1020). "[A] motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (Deutsche Bank Natl. Trust Co. v Elshiekh, 179 AD3d at 1020). Here, the defendant failed to offer new facts or a change in the law that would change the Supreme Court's prior determination in the order and judgment of foreclosure and sale dated December 19, 2018 (see MTGLQ Invs., L.P. v Rebecca, 208 AD3d 869, 871; McGowan-Amandola v Federal Realty Inv. Trust, 191 AD3d 868, 870). Accordingly, the court properly denied those branches of the defendant's motion which were for [*2]leave to renew his opposition to those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against him (see Citimortgage, Inc. v Sparozic, 223 AD3d 867, 868-869).
IANNACCI, J.P., CHAMBERS, FORD and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court